Citation Nr: 1008511 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-17 744 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. 
Petersburg, Florida


THE ISSUE

Entitlement to a compensable disability rating for a 
bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Clifford R. Olson, Counsel


INTRODUCTION

The Veteran had active service from January 1963 to May 1983. 

This matter comes before the Board of Veterans' Appeals 
(Board) from a May 2007 decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, 
Florida. 

A December 2008 RO decision denied service connection for 
tinnitus. A timely notice of disagreement is not of record, 
so that issue is not on appeal before the Board. 

More recently, the Veteran claimed service connection for 
posttraumatic stress disorder (PTSD). In July 2009, he was 
notified of the evidence necessary to substantiate the claim, 
what VA would attempt to provide and what he was expected to 
provide. The record does not show that the claim has been 
adjudicated, by the Agency of Original Jurisdiction (AOJ). 
Therefore, the Board does not have jurisdiction over it, and 
it is referred to the AOJ for appropriate action. 


FINDING OF FACT

The Veteran's bilateral hearing loss is manifested by a pure 
tone threshold average of 56.25 decibels with discrimination 
ability of 88 percent (numeric designation II) in the right 
ear and a pure tone threshold average of 62.5 decibels with 
discrimination ability of 80 percent (numeric designation IV) 
in the left ear. 


CONCLUSION OF LAW

The criteria for compensable disability rating for a 
bilateral hearing loss have not been met. 38 U.S.C.A. 
§§ 1155, 5103, 5103A, 5107 (West 2002); 38 C.F.R. Part 4, 
including § 4.85 and Code 6100 (2009). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As provided for by the Veterans Claims Assistance Act of 2000 
(VCAA), VA has a duty to notify and assist claimants in 
substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 
5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2009); 
38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2009). 

Duty to Notify

In a letter dated in March 2007, the RO provided the Veteran 
with an explanation of the type of evidence necessary to 
substantiate his claim, as well as an explanation of what 
evidence was to be provided by him and what evidence the VA 
would attempt to obtain on his behalf. The initial notice 
letter was provided before the adjudication of his claim in 
May 2007. The March 2007 letter also provided notice 
regarding potential ratings and effective dates. See Dingess 
v. Nicholson, 19 Vet. App. 473 (2006). VA has complied with 
the notice requirements of VCAA and has no outstanding duty 
to inform the appellant that any additional information or 
evidence is needed. Therefore, the Board may decide the 
appeal without a remand for further notification. 

Duty to Assist

The Board also finds that all relevant facts have been 
properly developed, and that all evidence necessary for 
equitable resolution of the issue has been obtained. The 
Veteran's service medical records have been obtained. His 
available post-service treatment records have also been 
obtained. The Veteran has had VA examinations and medical 
opinions have been obtained. He has also had a hearing. 
Significantly, neither the appellant nor his representative 
has identified, and the record does not otherwise indicate, 
any additional existing evidence that is necessary for a fair 
adjudication of the claim that has not been obtained. Hence, 
no further notice or assistance to the appellant is required 
to fulfill VA's duty to assist the appellant in the 
development of the claim. Smith v. Gober, 14 Vet. App. 227 
(2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. 
Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. 
Principi, 16 Vet. App. 183 (2002). 

Criteria

Disability ratings are determined by the application of the 
Schedule for Rating Disabilities, which assigns ratings based 
on the average impairment of earning capacity resulting from 
a service-connected disability. 38 U.S.C.A. § 1155; 
38 C.F.R. Part 4. 

In order to evaluate the level of disability and any changes 
in condition, it is necessary to consider the complete 
medical history of the Veteran's condition. Schafrath v. 
Derwinski, 1 Vet. App. 589, 594 (1991). See also 38 C.F.R. 
§§ 4.1, 4.2 (2009). The Board has considered all the 
evidence of record. Specifically, we have gone back at least 
a year before the date the claim was received. See 38 C.F.R. 
§§ 3.157, 3.400(o) (2009). However, the most probative 
evidence of the degree of impairment consists of records 
generated in proximity to and since the claim on appeal. See 
Francisco v. Brown, 7 Vet. App. 55 (1994). 

Evaluations of bilateral defective hearing range from 
noncompensable to 100 percent based on organic impairment of 
hearing acuity as measured by the results of controlled 
speech discrimination tests together with the average hearing 
threshold level as measured by pure tone audiometry tests in 
the frequencies 1000, 2000, 3000 and 4000 cycles per second. 
See 38 C.F.R. § 4.85(d) (2009). The rating schedule 
establishes 11 auditory acuity levels designated from level I 
for essentially normal acuity through level XI for profound 
deafness. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. Part 4, 
including 38 C.F.R. § 4.85, Code 6100 (2009). The United 
States Court of Veterans Appeals (Court) has noted that the 
assignment of disability ratings for hearing impairment are 
derived at by a mechanical application of the numeric 
designations assigned after audiometric evaluations are 
rendered. See Lendenmann v. Principi, 3 Vet. App. 345, 349 
(1992). 

VA audiology clinic notes of January 2007 show the Veteran 
gave a history of noise exposure in service, reported that 
his hearing was worse on the left than on the right, and that 
it was getting progressively worse. He requested new hearing 
aids. Otoscopy showed clear external auditory canals. The 
tympanic membranes were visible and intact. All visible 
landmarks appeared normal for both ears. Audiometry was 
interpreted as showing slight to moderate/severe high 
frequency sensorineural hearing loss in the right and left 
ears. 

On the authorized VA audiological evaluation, in January 
2007, pure tone thresholds, in decibels, were as follows:



HERTZ



1000
2000
3000
4000
Average
Right
20
35
70
70
48.75
Left
30
65

65
53.33

Word recognition was 96 percent at 60 dBHL on the right and 
92 percent at 75 dBHL on the left. These audiologic results 
produce a numeric designation of "I" for the right ear and 
"I" for the left ear. When these numeric designations are 
applied to the rating criteria, the result is a 
noncompensable rating. 38 C.F.R. Part 4, including § 4.85, 
and Code 6100 (2009). 

Audiology notes of March 2007 show the Veteran was supplied 
with hearing aids and instructed in their use. 

A VA audiometric examination was also done in March 2007. 
Pure tone thresholds, in decibels, were as follows:



HERTZ



1000
2000
3000
4000
Average
Right
25
35
70
65
48.75
Left
30
65
65
65
56.25

Speech audiometry revealed speech recognition ability of 88 
percent in the right ear and 80 percent in the left ear. 
These audiologic results produce a numeric designation of 
"II" for the right ear and "IV" for the left ear. When 
these numeric designations are applied to the rating 
criteria, the result is a noncompensable rating. 38 C.F.R. 
Part 4, including § 4.85, and Code 6100 (2009). 

A private hearing aid examination was done in July 2007. 
Pure tone thresholds, in decibels, were as follows:



HERTZ



1000
2000
3000
4000
Average
Right
35
40
80
60
53.75
Left
35
65
65
65
57.5

Speech audiometry was not reported. The assessment was a 
bilateral sensorineural hearing loss and hearing aids were 
recommended. 

The Veteran was seen by a private specialist for VA in August 
2007. Pure tone thresholds, in decibels, were as follows:



HERTZ



1000
2000
3000
4000
Average
Right
30
40
70
65
51.25
Left
35
70
65
60
57.5

Speech audiometry revealed speech recognition ability of 80 
percent in the right ear and 92 percent in the left ear. 
These audiologic results produce a numeric designation of 
"IV" for the right ear and "II" for the left ear. When 
these numeric designations are applied to the rating 
criteria, the result is a noncompensable rating. 38 C.F.R. 
Part 4, including § 4.85, and Code 6100 (2009). 

The Veteran was again seen by the private specialist for VA 
in September 2008. Pure tone thresholds, in decibels, were 
as follows:



HERTZ



1000
2000
3000
4000
Average
Right
30
55
80
75
60
Left
40
70
75
60
61.25

Speech audiometry revealed speech recognition ability of 88 
percent in each ear. These audiologic results produce a 
numeric designation of "III" for the right ear and "III" 
for the left ear. When these numeric designations are 
applied to the rating criteria, the result is a 
noncompensable rating. 38 C.F.R. Part 4, including § 4.85, 
and Code 6100 (2009). 

On VA examination in December 2008, pure tone thresholds, in 
decibels, were as follows:



HERTZ



1000
2000
3000
4000
Average
Right
30
65
65
70
57.5
Left
25
50
70
65
52.5

Speech audiometry revealed speech recognition ability of 94 
percent correct in the right ear and 84 percent correct in 
the left ear. These audiologic results produce a numeric 
designation of "II" for the right ear and "II" for the 
left ear. When these numeric designations are applied to the 
rating criteria, the result is a noncompensable rating. 38 
C.F.R. Part 4, including § 4.85, and Code 6100 (2009). 

The Veteran was again seen by the private specialist in 
August 2009. Pure tone thresholds, in decibels, were as 
follows:



HERTZ



1000
2000
3000
4000
Average
Right
35
55
75
60
56.25
Left
30
75
70
75
62.5

Speech audiometry revealed speech recognition ability of 88 
percent correct in the right ear and 80 percent correct in 
the left ear. These audiologic results produce a numeric 
designation of "II" for the right ear and "IV" for the 
left ear. When these numeric designations are applied to the 
rating criteria, the result is a noncompensable rating. 38 
C.F.R. Part 4, including § 4.85, and Code 6100 (2009). 

In December 2009, the Veteran appeared at a hearing at the RO 
and gave sworn testimony to the undersigned Veterans Law 
Judge. He summarized his career with noise exposure to 
weapons and helicopters in training and in combat. He 
reported that he could not hear many things clearly. 
Examples included the television, telephone and low speech. 
His hearing aids were not helpful and gave him headaches. He 
felt his hearing loss was worse. The Veteran's testimony was 
credible. 

Conclusion

The Veteran's testimony provided credible descriptions of the 
impact of the hearing loss on his life. His hearing loss may 
indeed have gotten somewhat worse. However, neither the use 
of hearing aids, nor any of the factors described by the 
Veteran demonstrate that the criteria for a compensable 
rating have been met. Service-connected disabilities are 
rated on average industrial impairment. In this case, the 
objective findings by trained medical personnel form a 
preponderance of evidence that establishes that while there 
have been some variations, the hearing loss has consistently 
remained in the noncompensable range. As the preponderance 
of the evidence is against the claim, the benefit of the 
doubt doctrine is not applicable and the appeal must be 
denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. 
App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 
2001). 

The Board has considered the issues raised by the United 
States Court of Appeals for Veterans Claims (Court) in Hart 
v. Mansfield, 21 Vet. App. 505 (2007) and whether staged 
ratings should be assigned. We conclude that the hearing 
loss has not significantly changed and uniform rating is 
appropriate in this case. At no time during the rating 
period has the disability met the criteria for a compensable 
rating. 

Other Criteria and Extraschedular Rating

The potential applications of various provisions of Title 38 
of the Code of Federal Regulations (2009) have been 
considered whether or not they were raised by the Veteran as 
required by the holding of the Court in Schafrath v. 
Derwinski, 1 Vet. App. 589, 593 (1991), including the 
provisions of 38 C.F.R. § 3.321(b)(1) (2009). The Board 
finds that the evidence of record does not present such "an 
exceptional or unusual disability picture as to render 
impractical the application of the regular rating schedule 
standards." 38 C.F.R. § 3.321(b)(1) (2009). While the 
Veteran may disagree, the preponderance of medical evidence 
shows that the hearing loss manifestations are adequately 
evaluated under the rating schedule. The evidence does not 
present such an exceptional disability picture that the 
available schedular evaluations for the service-connected 
disability are inadequate. See Thun v. Peake, 22 Vet. 
App. 111, 115 (2008). In this regard, the Board finds that 
there has been no showing by the Veteran that this service-
connected disability has resulted in marked interference with 
employment or necessitated frequent periods of 
hospitalization beyond that contemplated by the rating 
schedule. In the absence of such factors, the Board finds 
that the criteria for submission for assignment of an 
extraschedular rating pursuant to 38 C.F.R. § 3.321(b)(1) are 
not met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); 
Shipwash v. Brown, 8 Vet. App. 218, 227 (1995). 


ORDER

A compensable disability rating for a bilateral hearing loss 
is denied. 



____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals






 Department of Veterans Affairs