Citation Nr: 1331550 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 10-00 390A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The appellant




ATTORNEY FOR THE BOARD

Rebecca Feinberg, Counsel


INTRODUCTION

The Veteran served on active duty from February 1954 to October 1957.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from October 2008 and April 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

In February 2013, the Veteran testified before the undersigned at the RO. A transcript of the hearing is associated with the claims file.

A review of the Virtual VA claims file shows that it contains only evidence that is duplicative of evidence already associated with the paper claims file.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran has been shown to currently have bilateral hearing loss that is related to his service. 

2. The Veteran has been shown to currently have tinnitus that is related to his service.



CONCLUSIONS OF LAW

1. Resolving all reasonable doubt in favor of the Veteran, bilateral hearing loss was incurred in active service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1154 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2012). 

2. Resolving all reasonable doubt in favor of the Veteran, tinnitus was incurred in active service. 38 U.S.C.A. §§ 1101, 1110, 1154 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2012). However, in the decision below, the Board has granted the benefits sought on appeal in full. Thus, further notice and development could not result in a more favorable result for the Veteran or be of assistance to this inquiry. Hence, no further notice or assistance is required, as there is no harm or prejudice to the Veteran. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd sub nom. Smith v. Principi, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).


Law and Analysis

The Veteran seeks service connection for hearing loss and tinnitus. Having carefully considered the claims in light of the record and the applicable law, the Board finds that the evidence is at an approximate balance, and the claims will be granted.

Service connection will be granted if it is shown that a Veteran has a disability resulting from an injury or disease contracted in the line of duty, or for aggravation of a preexisting injury or disease contracted in the line of duty in the active military, naval or air service. 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303. That an injury was incurred in service alone is not enough. Instead, there must be chronic disability resulting from that injury. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b).

Generally, to prove service connection, the record must contain evidence concerning: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and a disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In certain cases, competent lay evidence may demonstrate the presence of any of these elements. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d).

Several alternative paths to service connection exist for certain chronic diseases identified in 38 C.F.R. §3.309(a), such as organic diseases of the nervous system, including sensorineural hearing loss. For these conditions, service connection may be granted if the chronic disease manifests itself and is identified as such in service, or within the presumptive period under 38 C.F.R. § 3.307, and the Veteran presently has the same condition, unless the condition is clearly attributable to intercurrent causes. 38 U.S.C.A. § 1112; 38 C.F.R. §§ 3.307, 3.309; see Walker v. Shinseki, 708 F.3d 1331, 1336 (Fed. Cir. 2013) (finding that "§3.303(b) is constrained by §3.309(a), regardless of the point in time when a Veteran's chronic disease is either shown or noted, in that the regulation is only available to establish service connection for the specific chronic diseases listed n §3.309(a)."). If, however, a chronic disease is noted during service, but is either not chronic or the diagnosis could be questioned, then a showing of continuity of related symptomatology after discharge is required in order to grant service connection. 38 C.F.R. §§ 3.303(b); Walker, 708 F.3d at 1336. 

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The absence of in-service evidence of a hearing disability during service (i.e., one meeting the requirements of 38 C.F.R. § 3.385) is not always fatal to a service connection claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Evidence of a current hearing loss disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service (as opposed to intercurrent causes). See Hensley v. Brown, 5 Vet. App. 155, 159 (1993). 

The three VA audiological examination reports dated in September 2008, March 2010, and May 2012 show that the Veteran's hearing loss met the criteria to be considered a disability for VA purposes. The examinations also contain a diagnosis of tinnitus. The remaining questions, therefore, are whether there is evidence of an in-service occurrence of an injury or disease and whether there is evidence of a nexus or relationship between the current disability and the in-service disease or injury.

The Veteran's service treatment records do not reflect any complaints, treatment, or diagnoses related to hearing loss or tinnitus and contain only the results of a whispered voice test upon entry and separation. During his examinations, in written statements, and through testimony before the undersigned, the Veteran has described in-service noise exposure as a jet crew chief. He has indicated that he experienced noise exposure from jet engines with a hearing protection device given but not worn. Post-service, he worked in construction as a carpenter without the use of a hearing protection device. The Veteran's separation document (DD Form 214) shows that his specialty in service was an aircraft mechanic.

The Veteran is competent to describe the symptoms he has experienced and the noises exposure he had during service. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007). Furthermore, the Board finds the Veteran's testimony to be credible, as his reports of symptoms and noise exposure have been consistent throughout the record, and his Form DD 214 corroborates his service exposure to aircraft engine noise. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006); Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (credibility can be generally evaluated by a showing of interest, bias, or inconsistent statements, and the demeanor of the witness, facial plausibility of the testimony, and the consistency of the witness testimony).

The final element is competent evidence of a nexus between the Veteran's current hearing loss and tinnitus and his noise exposure during service. On the Veteran's behalf, VA obtained four VA medical opinions regarding his hearing loss and tinnitus. These records are dated in September 2008, March 2010, May 2012, and June 2013. In all of these opinions, the examiners indicated that a determination as to whether bilateral hearing loss and tinnitus were related to in-service noise exposure could not be made without resorting to speculation. This was based upon the Veteran having only been afforded whispered voice tests during service and the service records being negative for any complaints related to tinnitus.

Nevertheless, in September 2013, the Board obtained a Veterans Health Administration opinion. That individual, who is the Chief of Audiology and Speech Pathology at a VA hospital, considered both the Veteran's in-service and post-service noise exposure and opined that the intensity level of jet engines was more likely than not to have initiated the progression of the Veteran's hearing loss. Therefore, the preponderance of the evidence suggested that it was at least as likely as not that the Veteran's hearing loss and tinnitus were related to his military service.

The Board finds that this opinion is competent. It is also consistent with the credible reports of the Veteran's noise exposure both during and after service. He provided the only definitive opinion along with a rationale regarding the intensity of the noise exposure the Veteran experienced during service. It is, therefore, more probative than all of the other VA examiners' statements, as they were not able to provide opinions without resorting to speculation.

Accordingly, as there is "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the Board finds that this is a situation where the benefit of the doubt rule applies. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. Therefore, giving the Veteran the benefit of the doubt, the Board finds that service connection for hearing loss and tinnitus is granted.











ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.


____________________________________________
JESSICA J. WILLS
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs