Citation Nr: 1339301 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-19 548 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Bridgid D. Cleary, Counsel


INTRODUCTION

The Veteran served on active duty from September 1951 to June 1953.

This matter has come before the Board of Veterans' Appeals (Board) on appeal from a December 2011 rating decision of the Columbia, South Carolina, Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge in October 2013. A transcript of the hearing is associated with the claims file.

The record raises a claim for non-service connected pension. Such claim was previously denied and a timely appeal was not received. In an August 2013 statement, the Veteran sought improved pension and special monthly pension for aid and attendance. These issues have not been adjudicated by the Agency of Original Jurisdiction (AOJ) yet. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

An acquired psychiatric disability, to include depression, did not have its clinical onset in service and is not otherwise related to active service.


CONCLUSION OF LAW

An acquired psychiatric disability, to include depression, was not incurred or aggravated in service. 38 U.S.C.A. §§ 1110, 1112, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.303 (2013).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2013).

Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim, including the degree of disability and the effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486.

VCAA notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). Where complete notice is not timely accomplished, such error may be cured by issuance of a fully compliant notice, followed by readjudication of the claim. See Mayfield, 444 F.3d 1328; see also Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

Here, the Veteran was sent a letter in November 2011 that provided information as to what evidence was required to substantiate the claim and of the division of responsibilities between VA and a claimant in developing an appeal. The letter also explained what type of information and evidence was needed to establish a disability rating and effective date. Accordingly, no further development is required with respect to the duty to notify.

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Board has reviewed the electronic evidence contained in the Veteran's Virtual VA folder as well as the paper file. These files together comprise the claims file. The claims file contains the Veteran's service treatment records, as well as post-service reports of VA and private treatment and examination. Moreover, his statements in support of the claim are of record, including testimony provided at an October 2013 hearing before the undersigned. The Board has carefully reviewed such statements and concludes that no available outstanding evidence has been identified. The Board has also perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim.

The United States Court of Appeals for Veterans Claims (Court) has held that that provisions of 38 C.F.R. § 3.103(c)(2) impose two distinct duties on VA employees, including Board personnel, in conducting hearings: The duty to explain fully the issues and the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010).

At the hearing the undersigned identified the issue, sought information as to treatment to determine whether all relevant records had been obtained, and sought information regarding the onset and etiology of the Veteran's disorder. The elements needed to establish service connection were explained to the Veteran. The Board thereby met the duties imposed by 38 C.F.R. § 3.103(c)(2) as interpreted in Bryant. 

For the above reasons, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Analysis

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. To prevail on a claim of direct service connection, there must be competent and credible evidence of (1) a current disability, (2) in-service occurrence or aggravation of a disease or injury; and (3) a nexus between an in-service injury or disease and the current disability. See generally Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The Veteran is seeking service connection for an acquired psychiatric disorder, claimed as depression. In Clemons v. Shinseki, the Court found that an appellant's claim is presumed to be based on his symptoms of mental illness and not limited to a specific diagnosis. 23 Vet. App. 1, 6 (2009). As such, the Board has considered whether service connection is warranted for any diagnosed acquired psychiatric disorder. Additional avenues to service connection are available for certain acquired psychiatric disorders, such as psychosis and posttraumatic stress disorder (PTSD). Specifically, a diagnosis of psychosis would warrant consideration of presumptive service connection under 38 C.F.R. § 3.307. See also 38 C.F.R. § 3.309. Likewise, a diagnosis of PTSD would warrant consideration under the special provisions of 38 C.F.R. § 3.304(f).

To date, the Veteran has been diagnosed with depression only. See January 2013 VA Examination. No other psychiatric diagnosis is of record. Indeed, the January 2013 VA examiner specifically found that the Veteran did not meet the full diagnostic criteria for PTSD. As such, consideration of entitlement to service connection under 38 C.F.R. §§ 3.304(f), 3.307, is not necessary. The current disability requirement is met with regard to depression.

No psychiatric disability was noted during the Veteran's military service. Indeed, his June 1953 separation examination specifically noted a normal psychiatric evaluation. Nevertheless, the Veteran has reported in-service symptoms of depression. See October 2010 DRO hearing transcript, October 2013 VA hearing transcript. He has also reported witnessing "his friend's head blown off in Korean war" and another fellow service member "get hit in the face with a bullet." See January 2013 VA examination. The Veteran's DD-214 shows that he has been awarded a Combat Infantry Badge (CIB). In the case of any Veteran who has engaged in combat with the enemy in active service during a period of war, satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, condition or hardships of such service, even though there is no official record of such incurrence or aggravation. 38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304(d). These incidents are consistent with the circumstances of combat service. Thus, the in-service injury requirement is satisfied.

With regard to the third and final requirement for direct service connection of a nexus between any incident in service and the Veteran's current depression, the Veteran underwent a January 2013 VA examination. This examiner opined that the Veteran's current depression began several years ago and is not related to his military service. Instead, the examiner found that the Veteran's depression was more likely related to financial struggles and dealing with becoming older. In support of this opinion, the examiner noted that since service, the Veteran has been fully employed, remained happily married, and lived a relatively full life. The Veteran has not submitted any other medical nexus evidence to refute this examiner's opinion. 

The Board has also considered the Veteran's lay assertions that his depression is related to his military service. In this regard, the Board acknowledges Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007), in which it was held a lay person may speak as to etiology in some limited circumstances in which nexus is obvious merely through lay observation, such as a fall leading to a broken leg. Here, Veteran did not seek treatment for a psychiatric condition for more than 50 years after his separation from service and he did not report any psychiatric symptoms during the interim. The first objective evidence of psychiatric symptoms is a reference to a 30 lb. weight loss between 2007 and 2008, which was attributed to worry. His VA treatment records from September 2008, December 2009, and September 2011 specifically note that depression screenings were negative. Given the passage of time, the question of causation extends beyond an immediately observable cause-and-effect relationship and, as such, the Veteran is not competent to address etiology in the present case. 

In some cases, service connection may be established through a demonstration of continuity of symptomatology rather than through a finding of nexus. This option, however, is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (rejecting the argument that continuity of symptomatology in § 3.303(b) has any role other than to afford an alternative route to service connection for specific chronic diseases). In this case, the Veteran is not claiming service connection for any of the chronic disabilities listed in 38 C.F.R. § 3.309(a). As noted above, the only psychiatric disability listed in that regulation is psychosis. Again, he has not been diagnosed with psychosis. Thus, service connection cannot be established by continuity of symptomatology in this case.

As the preponderance of the evidence is against the Veteran's claim, there is no reasonable doubt to resolve in his favor. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. For the reasons stated, the Board finds that service connection for an acquired psychiatric disorder is not warranted, and this claim is denied.



ORDER

Service connection for an acquired psychiatric disorder is denied.




______________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs