Citation Nr: 1448550 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 12-11 500A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for residuals of heat stroke.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran had active service from July 1967 to July 1971 and from August 1971 to September 1989.

This appeal comes to the Board of Veterans' Appeals (Board) from a December 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Decatur, Georgia.

In December 2013, the Board remanded the Veteran's claim to schedule him for a Board videoconference hearing. He was scheduled for that hearing in August 2014 and notified of that hearing in July 2014. However, the Veteran did not attend the hearing and has not offered good cause for his failure to attend. The Board is satisfied there was substantial compliance with its remand orders. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999); Stegall v. West, 11 Vet. App. 268, 271 (1998). 


FINDING OF FACT

The Veteran does not have a current disability related to heat stroke in service.


CONCLUSION OF LAW

The criteria for service connection for residuals of heat stroke have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran claims he is entitled to service connection for residuals of heat stroke.

Service connection will be granted if it is shown that the veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2013). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

To establish service connection, there must be a competent diagnosis of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 
 
Competent medical evidence includes evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau, 492 F.3d 1372. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. 

In his claim for service connection, the Veteran stated that after running a physical fitness test he passed out from heat stroke/stress attack. A few weeks later he reported blacking out while standing watch. He said he was told it was possibly related to the heat stroke but no outstanding problems were brought to his attention after testing. The Veteran reported that still today he is unable to be in the heat for very long. He reported that doing so will cause him to throw up and get a headache. 

The Veteran's service treatment records do show the Veteran was diagnosed with overexertion in September 1987 after running a physical fitness test. He reported a headache, dizziness, and almost passing out after the test. He was told to rest and drink fluids.

Post-service treatment records show an incidence of dehydration in April 2002.

In April 2013 the Veteran was afforded a VA contract examination. The Veteran recounted the two incidents in service in which he passed out, once after running and once a few weeks later. He reported he was diagnosed with heat dehydration and oxygen deprivation at the time. The examiner opined that there is no pathology to render a diagnosis as to residuals of heat stroke.

While the Board acknowledges that the Veteran's service treatment record corroborates his claim of at least one instance of overexertion in service, and the Veteran is competent to report that he has a low tolerance for heat currently, the Board finds that the most probative medical evidence is against finding that the Veteran has a current disability related to his service.

Although the Veteran may sincerely believe that he continues to have residuals of his in-service overexertion or heat stroke in the form of having difficulty being in the heat, as a lay person he is not competent to diagnose or opine as to the etiology of such a complicated condition, particularly considering the three decades that have passed since service and his other medical issues. Rather, the Board finds that the most competent and probative medical opinion is that of the VA examiner who found that the Veteran does not have a current diagnosis related to residuals of heat stroke. The Board notes that the VA examiner both examined the Veteran, reviewed his records, and listened to the Veteran's contentions. No other medical records indicate that the Veteran has been diagnosed with a disability related to residuals from heat stroke in service.

The existence of a current disability is the cornerstone of a claim for VA disability compensation. See Degmetich v. Brown, 104 F. 3d 1328 (1997). In the absence of evidence of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). 

As a preponderance of the evidence is against finding that the Veteran has a current disability related to his service, the benefit of the doubt doctrine does not apply, and the claim must be denied.

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. A notice letter was sent to the Veteran in September 2008, prior to the initial adjudication of the claim on appeal. The Board finds that the content of the letter complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). 

VA also has a duty to assist the Veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The Board finds that all necessary development has been accomplished. The RO has obtained the Veteran's service treatment records, VA treatment records, and private treatment records identified by the Veteran. Neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

The Veteran was afforded a VA medical examination in April 2013. The examiner, a medical professional, obtained an accurate history and listened to the Veteran's assertions. The Board finds the VA examination was adequate and provides a sound basis upon which to base a decision with regard to the Veteran's claim. Therefore, the Board finds that the examination is adequate and contains sufficient information to decide the issues on appeal. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio, 16 Vet. App. 183 (2002).


ORDER

Service connection for residuals of heat stroke is denied.



____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs