Citation Nr: 1456901 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 09-32 677 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES


1. Entitlement to an increased rating in excess of 10 percent for degenerative disc disease of the lumbar spine prior to August 10, 2012

2. Entitlement to an increased rating in excess of 20 percent for degenerative disc disease of the lumbar spine beginning August 10, 2012.

3. Entitlement to an initial rating in excess of 10 percent for sensory deficit of the right lower extremity prior to August 10, 2012.

4. Entitlement to an initial rating in excess of 20 percent for sensory deficit of the right lower extremity beginning August 10, 2012.

5. Entitlement to an initial compensable rating for bladder and bowel dysfunction as secondary to the lumbar spine disability.




REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1983 to April 1993, and from May 1998 to February 1999.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from an April 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

On his September 2009 substantive appeal, the Veteran indicated that he wanted a hearing before the Board at the RO (Travel Board). In an October 2014 written statement signed by his representative, the Veteran withdrew his request for a hearing. Therefore, the request for a hearing has been withdrawn.

By way of procedural background, an April 2007 rating decision continued a 10 percent rating for the service-connected lumbar spine disability and granted service connection for a sensory deficit of the right lower extremity, evaluated as 10 percent disabling, effective December 12, 2006. The Veteran filed a timely notice of disagreement with the April 2007 rating decision, and a statement of the case was issued in June 2009. In a July 2014 rating decision, the RO increased the Veteran's lumbar spine disability and sensory deficit of the right lower extremity disabilities to 20 percent, effective August 10, 2012. In his September 2009 substantive appeal, the Veteran stated that he also had a bowel dysfunction that had not been properly considered during the evaluation of his lumbar spine disability. In an October 2014 statement, the Veteran's representative specifically stated that the Veteran's bowel dysfunction was related to the service-connected lumbar spine disability. 

Thereafter, in a November 2014 rating decision, the RO granted service connection for bladder and bowel dysfunction and assigned a noncompensable rating. Although the Veteran has not filed a notice of disagreement with the noncompensable rating assigned in the November 2014 rating decision, the Board finds that the issue of bowel dysfunction is part of the criteria applied to the evaluation of the increased rating for the lumbar spine disability, and therefore within the Board's jurisdiction to consider in this case. See 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note 1 (neurologic abnormalities, including bowel or bladder impairment, are to be rated separately under an appropriate diagnostic code). As such, the Board finds that the claim for an initial compensable rating for bladder and bowel dysfunction as secondary to the lumbar spine disability is properly before the Board for consideration.

The issue of entitlement to an initial compensable rating for bladder and bowel dysfunction as secondary to the lumbar spine disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. On October 7, 2014, prior to the promulgation of a decision in the appeal, the Board received notification from the authorized representative of record that the Veteran desired to withdraw his appeal regarding the issues for an increase rating in excess of 20 percent for degenerative disc disease of the lumbar spine beginning August 10, 2012, and an initial rating in excess of 20 percent for sensory deficit of the right lower extremity beginning August 10, 2012.

2. For the increased rating period prior to August 10, 2012, the Veteran's lumbar spine disability demonstrated forward flexion to 60 degrees with pain; the Veteran denied incapacitation due to the lumbar spine disability.

3. For the initial rating period prior to August 10, 2012, the Veteran's sensory deficit of the right lower extremity is shown to be manifested by loss of sensation, pain, weakness, and difficulty sitting and is productive of a disability picture that more nearly approximates moderate incomplete paralysis.


CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal for an increased rating in excess of 20 percent for degenerative disc disease of the lumbar spine beginning August 10, 2012, have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. 
§§ 20.202, 20.204 (2014).

2. The criteria for withdrawal of the appeal for an initial rating in excess of 20 percent for sensory deficit of the right lower extremity beginning August 10, 2012, have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. §§ 20.202, 20.204 (2014).

3. For the increased rating period prior to August 10, 2012, the criteria for a rating of 20 percent, but no higher, for degenerative disc disease of the lumbar spine have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2002); 38 C.F.R. 
§§ 3.102, 3.159, 3.321, 4.1-4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code (DC) 5237 (2014).

4. For the initial rating period prior to August 10, 2012, the criteria for a 20 percent rating, but no higher, for sensory deficit of the right lower extremity have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002 and Supp. 2010); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1-4.14, 4.20, 4.124a including Diagnostic Code 8520 (2014).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Withdrawal of Issues

An appellant, or his authorized representative, may withdraw an appeal in writing or on the record at a hearing on appeal at any time before the Board promulgates a final decision. 38 C.F.R. § 20.204. When an appellant does so, the withdrawal effectively creates a situation where there no longer exists any allegation of error of fact or law. Consequently, in such an instance, the Board does not have jurisdiction to review the appeal, and the appropriate action by the Board is dismissal. 
38 U.S.C.A. §§ 7104, 7105(d). 

In a statement received by VA on October 7, 2014, the authorized representative of record indicated that the Veteran wished to withdraw part of his appeal. Specifically, the Veteran's representative noted that the Veteran was "satisfied" with the 20 percent evaluations granted for the sensory deficit of the right lower extremity and the lumbar spine disability. Given the Veteran's intent to withdraw his appeal regarding the issues for an increased rating in excess of 20 percent for degenerative disc disease of the lumbar spine beginning August 10, 2012, and an initial rating in excess of 20 percent for sensory deficit of the right lower extremity beginning August 10, 2012, further action by the Board on these issues would not be appropriate. 38 U.S.C.A. § 7105. The October 2014 statement did not address the 10 percent ratings assigned prior August 10, 2012; as such, the Board will address those issues below. 

Disability Rating Legal Criteria

Disability evaluations are determined by the application of the VA Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. 

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in the parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portray the anatomical damage, and the functional loss, with respect to all these elements. The functional loss may be due to absence of part, or all, of the necessary bones, joints and muscles, or associated structures, or to deformity, adhesions, defective innervation, or other pathology, or it may be due to pain, supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part that becomes painful on use must be regarded as seriously disabled. 38 C.F.R. § 4.40.

In DeLuca v. Brown, 8 Vet. App. 202, 205 (1995), the Court held that, for disabilities evaluated on the basis of limitation of motion, VA was required to apply the provisions of 38 C.F.R. §§ 4.40, and 4.45, pertaining to functional impairment. The Court instructed that in applying these regulations VA should obtain examinations in which the examiner determined whether the disability was manifested by weakened movement, excess fatigability, or incoordination. Such inquiry was not to be limited to muscles or nerves. These determinations were, if feasible, to be expressed in terms of the degree of additional range-of-motion loss due to any weakened movement, excess fatigability, or incoordination. 

Under 38 C.F.R. § 4.59, with any form of arthritis, painful motion is an important factor of disability, the facial expression, wincing, etc., on pressure or manipulation, should be carefully noted and definitely related to the affected joints. The intent of the rating schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. Crepitation either in the soft tissues such as the tendons or ligaments, or crepitation within the joint structures should be noted carefully as points of contact which are diseased. Flexion elicits such manifestations. 

In determining the disability evaluation, VA has a duty to acknowledge and consider all regulations that are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusions. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Governing regulations include 
38 C.F.R. §§ 4.1 and 4.2, which require the evaluation of the complete medical history of a veteran's condition. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. 
§ 4.7. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3.

Rating for Lumbar Spine Disability Prior to August 10, 2012

As noted above, the Veteran has stated that he is satisfied with the 20 percent rating assigned for the lumbar spine disability, which was assigned beginning August 10, 2012. The Veteran has accordingly withdrawn his claim for a rating in excess of 20 percent for the lumbar spine disability beginning August 10, 2012. As for the rating period prior to August 10, 2012, the Veteran was assigned a 10 percent rating for the lumbar spine disability under Diagnostic Code 5242 (degenerative arthritis of the spine).

Disabilities of the spine are rated under the General Rating Formula for Diseases and Injuries of the Spine for Diagnostic Codes 5235 to 5243. Diagnostic Code 5243 may also be rated under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes.

Under the General Formula, with or without symptoms such as pain, stiffness or aching in the area of the spine affected by residuals of injury or disease, the following ratings will apply: a 20 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees, but not greater than 60 degrees; or the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or with muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent rating is warranted for forward flexion of the thoracolumbar spine to 30 degrees or less or favorable ankylosis of the entire thoracolumbar spine. A 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar spine, while a 100 percent rating is warranted when there is unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71a.

Normal forward flexion of the thoracolumbar spine is 0 to 90 degrees, extension is 0 to 30 degrees, left and right lateral flexion are 0 to 30 degrees, and left and right lateral rotation are 0 to 30 degrees. 38 C.F.R. § 4.71a.

The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal combined range of motion of the thoracolumbar spine is 240 degrees. 38 C.F.R. 
§ 4.71a.

Under the General Rating Formula for Diseases and Injuries of the Spine, any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, are separately rated under the appropriate diagnostic code. 38 C.F.R. § 4.71a.

A disability rated under Diagnostic Code 5243 is rated either under the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever method results in the higher rating when all disabilities are combined under 
38 C.F.R. § 4.25 (2014). 

Under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, the criteria for a 20 percent rating, are incapacitating episodes having a total duration of at least two weeks but less than four weeks during the past 12 months. The criteria for a 40 percent rating are incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months. An incapacitating episode is a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. 38 C.F.R. § 4.71a.

The evidence prior to August 10, 2012 includes an April 2007 VA spine examination where the Veteran complained of pain, stiffness, muscle spasms, and weakness in the right leg. The pain was noted to occur constantly and the Veteran reported that it traveled down his right leg. From 1 to 10 (10 being the worst pain)
the pain level was at 10. The pain was elicited by physical activity and sitting position. The Veteran stated that his lumbar spine disability did not cause incapacitation. Upon physical examination, there was no evidence of radiating pain on movement. Muscle spasms were absent, but there was tenderness. There was no ankylosis of the spine. Range of motion of the thoracolumbar spine was as follows: flexion 70 degrees; extension 20 degrees; right lateral flexion 30 degrees; left lateral flexion 30 degrees; right rotation 30 degrees; and left rotation 30 degrees. The joint function of the spine was additionally limited by pain following after repetitive use. The examiner also noted that the Veteran's spine was not additionally limited by fatigue, weakness, lack of endurance, and incoordination following after repetitive use. 

Based on this evidence, the Board finds that a 20 percent rating is warranted for the lumbar spine disability for the rating period prior to August 10, 2012. Specifically, forward flexion of the Veteran's lumbar spine was limited to 60 degrees with pain. As noted above, under the General Rating Formula for Diseases and Injuries of the Spine for Diagnostic Code 5242, a 20 percent rating is warranted when forward flexion of the thoracolumbar spine is greater than 30 degrees, but not greater than 60 degrees. As forward flexion of the Veteran's lumbar spine during the April 2007 VA examination was at exactly 60 degrees with pain (and not greater than 60 degrees), the Board finds that a 20 percent rating is more nearly approximated for the rating period prior to August 10, 2012. 

The Board has also considered whether a rating in excess of 20 percent is warranted for the rating period prior to August 10, 2012; however, the evidence does not demonstrate forward flexion of the thoracolumbar spine to 30 degrees or less or favorable ankylosis of the entire thoracolumbar spine as required for a 40 percent disability rating. 38 C.F.R. § 4.71a. 

A higher rating under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes is also not warranted as the Veteran specifically denied having incapacitating episodes during the April 2007 VA examination. 

Further, as noted above, the Veteran has stated that he is satisfied with a 20 percent evaluation for the lumbar spine disability. See October 2014 statement. 

To the extent that the lumbar spine disability has neurological manifestations, such as bowel dysfunction, the Board is remanding that issue for further development. For these reasons, the Board finds that a rating of 20 percent, and no higher, for the Veteran's lumbar spine disability is warranted for the increased rating period prior to August 10, 2012.

Rating for Sensory Deficit of the Right Lower Extremity 
Prior to August 10, 2012

In the April 2007 rating decision, the Veteran was granted service connection for sensory deficit of the right lower extremity as secondary to the lumbar spine disability. He was assigned a 10 percent rating, effective December 12, 2006 under Diagnostic Code 8520 (incomplete paralysis of the sciatic nerve).

The Board notes that ratings for diseases of the peripheral nerves under DC 8520 are based on relative loss of function of the involved extremity with attention to the site and character of the injury, the relative impairment of motor function, trophic changes, or sensory disturbances. See 38 C.F.R. § 4.120. An 80 percent rating is assignable for complete paralysis of the sciatic nerve; the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost. A 60 percent rating may be assigned for incomplete paralysis of the sciatic nerve which is severe, with marked muscular atrophy. A 40 percent rating is assignable when moderately severe. A 20 percent rating may be assigned when moderate. A 10 percent rating may be assigned when mild. 38 C.F.R. 
§ 4.124a, DC 8520. 

VA regulations provide that neurological conditions are to be evaluated based upon the impairment of motor, sensory, or mental functioning. 38 C.F.R. § 4.120 (2014). The term "incomplete paralysis" with peripheral nerve injuries indicates a degree of loss or impaired function substantially less than the type pictured for complete paralysis given with each nerve, whether due to the varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for mild, or at most, the moderate degree. The ratings for the peripheral nerves are for unilateral involvement. See note at "Diseases of the Peripheral Nerves" in 38 C.F.R. § 4.124(a).

The Board observes that the words "mild," "moderate" and "severe" as used in the various DCs are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, to the end that its decisions are "equitable and just." 38 C.F.R. § 4.6 (2014).

During the April 2007 VA examination, the Veteran stated that he suffered from weakness in the right leg. He reported that his back pain traveled down the right leg and was sharp and constant. It was also noted that the Veteran experienced loss of sensation in the right foot. Upon physical examination, the examiner noted that there were signs of intervertebral disc syndrome and the findings were as follows:
L5; Sensory deficit of right lateral foot; Si: Sensory deficit of right lateral foot; right lower extremity reflexes reveal knee jerk 1+ and ankle jerk 1+. The most likely peripheral nerve was noted to be the superficial peroneal nerve. 

As discussed above, the Veteran has been diagnosed with intervertebral disc syndrome with superficial peroneal nerve root involvement. The Veteran has credibly reported pain that is constant and sharp. He has also complained of loss of sensation in the right foot, especially while sitting. For these reasons, and resolving reasonable doubt in the Veteran's favor, the Board finds that a 20 percent rating for "moderate" incomplete paralysis of the superficial peroneal nerve, resulting in sensory deficit of the right lower extremity, is warranted for the initial rating period prior to August 10, 2012. 
The Board further finds that a rating in excess of 20 percent for sensory deficit of the right lower extremity is not warranted for the rating period prior to August 10, 2012 as the evidence does not more nearly approximate "moderately severe" incomplete paralysis. See 38 C.F.R. § 4.124a, DC 8520 (a 40 percent rating is assignable when moderately severe). In this case, the April 2007 VA examiner noted that the Veteran's posture and gait were within normal limits. The Veteran also did not require any assistive devices for ambulation. Further, in an August 2012 VA spine examination (used in evaluating the lumbar spine disability for the rating period beginning August 10, 2012), the examiner noted that the Veteran's severity of radiculopathy of the right lower extremity was "moderate." The evidence also demonstrates that the Veteran's symptoms are wholly sensory in nature (i.e., radiating pain and numbness) and, as such, should be rated at most to a moderate degree. See note at "Diseases of the Peripheral Nerves" in 38 C.F.R. 
§ 4.124(a). The Veteran has also indicated that he is satisfied with a 20 percent evaluation for the sensory deficit of the right lower extremity. See Veteran's statement dated October 2014. For these reasons, the Board finds that a rating in excess of 20 percent for sensory deficit of the right lower extremity is not warranted for the period prior to August 10, 2012.

Extraschedular Consideration

The Board has considered whether an extraschedular evaluation is warranted for the Veteran's spine and right foot disabilities. In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321 (2014). The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111 (2008).

Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). When the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. 38 C.F.R. 3.321(b)(1). 

Turning to the first step of the extraschedular analysis, the Board finds that the symptomatology and impairments caused by the Veteran's spine disability is specifically contemplated by the schedular rating criteria (Diagnostic Code 5242 and Diagnostic Code 5243, 38 C.F.R. § 4.71a), and no referral for extraschedular consideration is required. The schedular rating criteria at Diagnostic Code 5242 specifically provide for disability ratings based on a combination of history, symptoms, and clinical findings. The schedular rating criteria specifically provide for ratings based on limitation of motion, including due to pain and other orthopedic factors, such as fatigability, which are part of the schedular rating criteria. See 
38 C.F.R. §§ 4.40, 4.45, 4.59; see also DeLuca. 

In this case, considering the lay and medical evidence, the Veteran's spine disability has been manifested by and limitation of motion of the spine to, at worst, forward flexion to 60 degrees with pain. Ankylosis of the thoracolumbar spine has not been demonstrated. The schedular rating criteria specifically allows for different ratings based on the severity of the limitations of motion of the spine. Further, sensory deficit of the right lower extremity has also been contemplated by the assignment of separate 20 percent disability rating granted herein for the rating period prior to August 10, 2012. 

The schedule is intended to compensate for average impairments in earning capacity resulting from service-connected disability in civil occupations. 
38 U.S.C.A. § 1155. "Generally, the degrees of disability specified [in the rating schedule] are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability." 38 C.F.R. § 4.1. In this case, the problems reported by the 
Veteran are specifically contemplated by the criteria discussed above, including the functional limitation and the effect on his daily life. In the absence of exceptional factors associated with the Veteran's spine disabilities, the Board finds that the criteria for submission for assignment of an extraschedular rating pursuant to 
38 C.F.R. § 3.321(b)(1) are not met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

Finally, the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The notice requirements of the VCAA require VA to notify the claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, VA will attempt to obtain. The Board notes that a "fourth element" of the notice requirement requesting the claimant to provide any evidence in the claimant's possession that pertains to the claim was removed from the language of 38 C.F.R. § 3.159(b)(1). See 73 Fed. Reg. 23,353-356 (April 30, 2008).

The United States Court of Appeals for Veterans Claims (CAVC) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App.473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; 
(2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

In notice letters dated February 2007 and March 2009, the RO provided notice to the Veteran regarding what information and evidence is needed to substantiate the claims on appeal, as well as what information and evidence must be submitted by the Veteran, and what evidence VA would obtain. The March 2009 notice letter included provisions for disability ratings and for the effective dates of the claim.

The Board is also satisfied VA has made reasonable efforts to obtain relevant records and evidence. Specifically, the information and evidence that has been associated with the claims file includes service treatment records, VA treatment records, and statements from the Veteran. The RO has obtained a VA medical examination in April 2007 to assist in determining the severity of the Veteran's disorders prior to August 10, 2012. For these reasons, the Board finds that VA has fulfilled the duties to notify and assist the Veteran. 

Significantly, neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claims on appeal that has not been obtained; hence, no further notice or assistance is required to fulfill VA's duties to notify and assist. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).



 (CONTINUED ON NEXT PAGE)






ORDER

The appeal for an increase rating in excess of 20 percent for degenerative disc disease of the lumbar spine beginning August 10, 2012, is dismissed.

The appeal for an initial rating in excess of 20 percent for sensory deficit of the right lower extremity beginning August 10, 2012, is dismissed.

For the increased rating period prior to August 10, 2012, a rating of 20 percent, but no higher, for degenerative disc disease of the lumbar spine is granted.

For the initial rating period prior to August 10, 2012, a rating of 20 percent, but no higher, for sensory deficit of the right lower extremity is granted. 


REMAND

In regard to the claim for an initial compensable rating for bladder and bowel dysfunction, the Veteran was scheduled for a VA examination on November 19, 2014. On November 14, 2014, the Veteran contacted VA and stated that he would be out of town on November 19 and would not be able to attend the examination. The Veteran further noted that, if rescheduled, he would attend the VA examination. For these reasons, the Board finds that a new VA examination must be scheduled on remand.

Accordingly, the case is REMANDED for the following actions:

1. The RO/AMC should obtain any outstanding VA treatment records and associate them with the record. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran and allow him the opportunity to provide such records.

2. Then, schedule the Veteran for an appropriate VA examination to assist in determining the current level of severity of his service-connected bladder and bowel dysfunction disability. The Veteran's electronic claims file must be provided to the examiner for review, to include a copy of this remand. All appropriate testing must be performed. 

3. Thereafter, the RO/AMC must readjudicate the issue on appeal. If the claim remains denied, the RO/AMC must furnish to the Veteran and his representative a supplemental statement of the case and afford them the requisite opportunity to respond before the case is returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs