Citation Nr: 1527850 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 12-30 634A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

1. Entitlement to a separate compensable evaluation for right foot osteoarthritis and fracture residual scars. 

2. Entitlement to an extension of the temporary total rating based on surgical or other treatment necessitating convalescence beyond December 1, 2012.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran had active military service from January 1973 to December 1975.

This appeal comes to the Board of Veterans' Appeals (Board) from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Decatur, Georgia.

The Veteran provided sworn testimony in support of his appeal during a hearing before the undersigned Veterans Law Judge in May 2013; the hearing transcript has been associated with the file and has been reviewed. 


FINDING OF FACT

Surgical scars on the Veteran's right foot include a 6 cm by 0.7 cm scar on the mid dorsal aspect of the foot, a 4.5 cm by 0.5 cm scar on the right lateral foot, and a 10 cm by 1 cm first metatarsophalangeal joint bunionectomy scar, none of which are painful or unstable, adherent to the underlying tissue, or result in limitation of motion or loss of function.


CONCLUSION OF LAW

The criteria for a compensable rating for right foot osteoarthritis and fracture residual scars have not been met. 38 U.S.C.A. § 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321, 4.1, 4.118, Diagnostic Code 7800-7805 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

In December 2013 the Board remanded this claim for further development to determine whether the Veteran is entitled to separate compensable evaluation for right foot osteoarthritis and fracture residual scars. 

Specifically, the Board ordered that the Veteran be scheduled for a VA scars examination to determine the nature and severity of scarring on his right foot due to his service-connected right foot osteoarthritis and fracture residuals. 

VA records indicate that a VA scars examination was requested to be scheduled for the Veteran in January 2014. A February 2014 Veteran's Health Administration note indicated that the examination was cancelled due to the Veteran withdrawing his claim. When reached by telephone in March 2014 the Veteran reported he did not want to withdraw his claim but stated that he needed to get a back operation first and would not be mobile for eight months after the procedure. The Veteran has not otherwise contacted the VA to offer good cause for his failure to attend the examination or to request that the examination be rescheduled.

The Board thus finds that its remand instructions have been substantially complied with. See Stegall v. West, 11 Vet. App. 268, 271 (1998). While VA has a statutory duty to assist the Veteran in developing evidence pertinent to a claim, the Veteran also has a duty to assist and cooperate with VA in developing evidence; the duty to assist is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991); see also Hayes v. Brown, 5 Vet. App. 60, 68 (1993). 

The Board accordingly finds no reason to remand for further examination and will proceed with adjudication on the basis of the current record.

The Board notes that the provisions of 38 C.F.R. § 3.655 indicate that when entitlement to a benefit cannot be established without a current VA examination and a claimant, without good cause, fails to report for such VA examination, and it is a claim for an increased rating, the claim shall be denied. 38 C.F.R. § 3.655(a), (b) (2014).

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degree of disabilities specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2014). Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. 

If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2014). Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3 (2014). However, the evaluation of the same disability under various diagnoses, known as pyramiding, is to be avoided. 38 C.F.R. § 4.14 (2014).

Scars are rated under Diagnostic Codes 7800-7805. 38 C.F.R. § 4.118 (2014). On October 23, 2008, during the course of this appeal, the rating criteria pertaining to scars were revised. The revisions to these diagnostic codes are applicable only to claims filed on or after October 23, 2008. See 73 Fed. Reg. 54,708 (Sept. 23, 2008). As the Veteran's claim was received in August 2008 and he has not requested reevaluation under the revised criteria, the revisions do not apply in this case. 73 Fed. Reg. 54708 (Sept. 23. 2008); 73 Fed. Reg. 54,708 (Jan. 20, 2012).

On VA examination in December 2012, the examiner noted the Veteran had the following surgical scars on his foot: a 6 cm by 0.7 cm scar on the mid dorsal aspect of the foot, a 4.5 cm by 0.5 cm scar on the right lateral foot, and a 10 cm by 1 cm first metatarsophalangeal joint bunionectomy scar. The examiner stated that the scars are not painful or unstable and do not cover more than 39 square centimeters. The examiner noted the scars were discolored without tenderness, erythema, keloid, adherence to underlying tissues, or warmth.

Diagnostic Code 7800 contemplates scars of the head, face or neck and therefore does not apply in this case. 38 C.F.R. § 4.118.

Diagnostic Code 7801 contemplates scars that are deep or cause limited motion. A compensable rating is assigned for a deep scar that is an area of at least 6 square inches. A deep scar is one associated with underlying soft tissue damage. Id. In this case, no underlying tissue damage has been shown to be associated with the Veteran's scars, nor do the scars cover an area of at least 6 square inches, so a rating is not available under this code.

Diagnostic Code 7802 contemplates superficial scars or those that do not cause limited motion. A compensable rating is assigned for a superficial scar that is in an area or areas of 144 square inches or greater. A superficial scar is one not associated with underlying soft tissue damage. Id. In this case, the Veteran's scars are not 144 square inches or greater, therefore a rating is not available under this code.

Diagnostic Code 7803 contemplates scars that are superficial and unstable. An unstable scar is one where for any reason there is frequent loss of covering of skin over the scar. Id. In this case, the Veteran's scars have not been found to be unstable, therefore a rating is not available under this code.

Diagnostic Code 7804 contemplates superficial scars that are painful upon examination. Id. In this case, the December 2012 VA examiner found that the Veteran's scars were not painful. The Board notes that the Veteran reported painful scarring at his Board hearing, but at the time, he pointed to scarring on his ankle. Therefore, the Board does not find sufficient evidence to find that the Veteran's scarring on his right foot due to his service-connected right foot osteoarthritis and fracture residuals is painful. As such, a rating is not available under this code.

Diagnostic Code 7805 provides that any other scars (including linear scars) and other disabling effects of scars should be evaluated even if not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code. Id. As the evidence does not show any disabling effects due to the scars themselves, any additional rating related to the scars is not warranted.

Therefore, the Board finds that a preponderance of the evidence is against a separate compensable rating for scarring on his right foot due to his service-connected right foot osteoarthritis and fracture residuals.

The Board further finds that VA has met its duty to notify and assist the Veteran in substantiating his claim for VA benefits. A notice letter was sent to the Veteran in November 2008, prior to the initial adjudication of the increased rating claim on appeal. The content of the letter complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). 

Also, in Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the regulation. They consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. In this case, during the May 2013 Board hearing, the VLJ fully explained the issue on appeal. The Veteran was assisted at the hearing by an accredited representative from the Georgia Department of Veterans Services, and the VLJ and the representative asked questions regarding the nature and severity of the Veteran's claimed right foot disability. In addition, the VLJ sought to identify any pertinent evidence not currently associated with the claims file that might have been overlooked or was outstanding that might substantiate the claim, and specifically inquired as to private treatment records. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), and that any error in notice provided during the Veteran's hearing constitutes harmless error.

VA also has a duty to assist the Veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The Board finds that all necessary development has been accomplished. The RO has obtained the Veteran's VA treatment records and private treatment records identified by the Veteran. The Veteran also submitted lay statements. Neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

The Veteran was afforded VA foot examination December 2012. The examiner, a medical professional, obtained an accurate history, listened to the Veteran's assertions, and performed the necessary physical examination. The Board notes that as discussed above the VA afforded the Veteran an opportunity for a later VA scars examination to assess the current nature and severity of the residual scarring, but the Veteran did not attend the examination, nor request that the examination be rescheduled and offer good cause for his failure to attend.

Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio, 16 Vet. App. 183.



ORDER

A separate compensable evaluation for right foot osteoarthritis and fracture residual scars is denied.

REMAND

In June 2014 the Veteran filed a notice of disagreement with the April 2014 rating decision granting a temporary evaluation of 100 percent based on surgical or other treatment requiring convalescence effective August 3, 2012 and a 30 percent evaluation effective December 1, 2012. The Veteran contended he is entitled to an extension of temporary evaluation for 60 additional days beginning December 1, 2012.

The RO send the Veteran an appeals process request letter in June 2014; however, no SOC has since been issued as required. See Manlincon v. West, 12 Vet. App. 238 (1999). 

Upon receipt of the SOC, the Veteran will then have an opportunity to complete the steps necessary to perfect his appeal of the claim to the Board by filing a timely substantive appeal (e.g., a VA Form 9 or equivalent statement). 38 C.F.R. §§ 20.200 , 20.202, 20.300, 2.301, 20.302, 20.303, 20.304, 20.305.

Accordingly, the case is REMANDED for the following action:

Send the Veteran a Statement of the Case concerning his claim for an extension of the temporary total evaluation based on surgical or other treatment necessitating convalescence beyond December 1, 2012. If, and only if, he submits a timely substantive appeal in response to the SOC, thereby perfecting his appeal as to the claim, should it be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs