**Claudus G. SMITH, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7050.**

United States Court of Appeals, Federal Circuit.

March 4, 2002.

Steven A. Alerding, Fried, Frank, Harris, Shriver & Jacobson, of Washington, DC, argued for claimant-appellant. With him on the brief were Jay D. Majors, James J. McCullough, and Karen T. Grisez.

Gregory R. Firehock, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Martie Adelman, Attorney, Department of Veterans Affairs, of Washington, DC.

Before LOURIE, CLEVENGER, and GAJARSA, Circuit Judges.

LOURIE, Circuit Judge.

Claudus G. Smith appeals from a decision of the United States Court of Appeals for Veterans Claims holding that he was not entitled to interest on a retroactive award of benefits. *Smith v. Gober*, 14 Vet.App. 227 (2000). Because the court did not err in applying the "no-interest rule," we affirm.

## BACKGROUND

In 1957, the Department of Veterans Affairs ("DVA") granted Mr. Smith a disability rating for eye degeneration at 70%. In 1961, the DVA confirmed that rating decision. Smith later challenged the 1961 decision on the ground that it was based upon a clear and unmistakable error ("CUE"). In 1993, the DVA granted Smith's CUE claim, holding that the 1961 disability rating should have been 100%. The DVA accordingly awarded Smith past-

due monthly compensation from 1961, totaling over $200,000, but declined to award interest on the delayed payments.

Smith appealed the decision not to award interest to the Board of Veterans' Appeals ("BVA"), which dismissed the appeal for lack of jurisdiction on the ground that no statute authorized the DVA to pay interest to Smith. Smith then appealed to the United States Court of Appeals for Veterans Claims, which held that the BVA erred in dismissing the appeal, but that the error was harmless. The court held that only express statutory language can waive the government's sovereign immunity from the payment of interest (*i.e.*, the "no-interest rule") and that the general language of 38 U.S.C. § 503(a), which broadly authorizes the Secretary of Veterans Affairs to provide any "equitable" relief, including "the payment of money," does not constitute such a waiver. The court further held that 38 C.F.R. § 105(a), which provides that a revision of an earlier benefit decision on the ground of CUE shall have the "same effect" as if the revision had been made on the date of the original decision, was similarly unhelpful to Smith. Smith timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

■■■ We review a statutory interpretation by the Court of Appeals for Veterans Claims *de novo*. *Dambach v. Gober*, 223 F.3d 1376, 1380 (Fed.Cir.2000). We review the court's interpretation of a regulation to determine whether it was "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1)(A).

Smith argues that §§ 503(a) and 5109A(b),[1] are waivers of the no-interest

---

1. 38 U.S.C. § 5109A(b) is a statutory codification of the relevant part of 38 C.F.R. § 3.105(a).

rule. Smith urges that those statutes must be interpreted, and any interpretative doubt resolved, in favor of the veteran. Smith also calls to our attention a number of public policy reasons weighing against the no-interest rule in this case. Finally, Smith contends that his factual situation justifies an exception to the no-interest rule because exceptions have been made with respect to (1) commercial enterprises of a government body; (2) takings; and (3) asset forfeitures. Smith does not argue that he comes within any of these exceptions, only that he is similarly deserving of an exception.

The DVA responds that waivers of the no-interest rule must be strictly construed and that neither § 503(a) nor § 5109A(b) is sufficiently explicit to constitute a waiver. The DVA further responds that ambiguous statutory language cannot impliedly waive the no-interest rule, nor can public policy be a ground for waiving sovereign immunity from the payment of interest. Finally, the DVA contends that Smith's claim is distinguishable from the recognized exceptions to the no-interest rule.

■■■ We conclude that there has been no waiver of the no-interest rule in § 503(a) or § 5109A(b). Section 503(a) outlines the relief due to a veteran who has been the victim of an error by the DVA:

If the Secretary determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, the Secretary may provide such relief on account of such error as the Secretary determines *equitable*, including the payment of moneys to any person whom the Secretary determines is *equitably* entitled to such moneys.

38 U.S.C. § 503(a) (emphasis added). Section 5109A(b) addresses the case of CUE more specifically:

For the purposes of authorizing benefits, a rating or other adjudicative decision that constitutes a reversal or revision of a prior decision on the grounds of clear and unmistakable error has the *same effect* as if the decision had been made on the date of the prior decision.

38 U.S.C. § 5109A (emphasis added). Neither statute mentions interest, and that deficiency is controlling in this case. A waiver of the no-interest rule must be express. *Library of Congress v. Shaw,* 478 U.S. 310, 314, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *United States v. N.Y. Rayon Importing Co.,* 329 U.S. 654, 659, 67 S.Ct. 601, 91 L.Ed. 577 (1947). Accordingly, a statute's broad reference to "equitable relief" does not constitute a waiver of the no-interest rule. *See Blake v. Califano,* 626 F.2d 891, 894–95 (D.C.Cir.1980) (holding that the broad authorization for 'other equitable relief' in 42 U.S.C. § 2000e–5(g) is insufficient to constitute a waiver of the no-interest rule in Title VII cases). Furthermore, ambiguity in a statute cannot constitute a waiver. *See N.Y. Rayon Importing,* 329 U.S. at 659, 67 S.Ct. 601 ("[T]here can be no consent by implication or by use of ambiguous language."). Applying these principles to the statutes at issue, it is clear that § 503(a)'s reference to "equitable" relief cannot be a waiver of the no-interest rule. Similarly, § 5109A(b)'s "same effect" language, which is at best ambiguous as to whether it refers to missed benefit payments only or missed benefit payments plus interest, is likewise not a clear waiver of the no-interest rule.

■■■ Smith's appeal to public policy favoring liberal dispensation of benefits to veterans cannot change our conclusion. Public policy, "no matter how compelling," cannot be a ground for finding a waiver in the absence of express statutory language. *Shaw,* 478 U.S. at 320–21, 106 S.Ct. 2957.

Smith's policy arguments essentially ask us to reform the law, but that is the role of Congress, not this court. Moreover, Smith's invocation of the canon of statutory construction in favor of veterans must similarly yield to the canon of statutory construction strictly disfavoring a waiver of the no-interest rule absent an express indication to the contrary. *Cf. Chickasaw Nation v. United States,* 534 U.S. 84, 122 S.Ct. 528, 535, 151 L.Ed.2d 474 (2001) (holding that the canon in favor of Indian tribes is overcome by the canon that tax exemptions can be found only when "clearly expressed" in the statutes). In sum, only express language can waive the no-interest rule, and the statutes asserted in this case lack such express language of waiver.

■■■ Finally, while Smith concedes that he does not qualify for one of the three exceptions to the no-interest rule, he argues that his situation is equally worthy of an award of interest. We disagree. The established exceptions are quite different from a claim for interest on a CUE award. First, the commercial enterprise exception does not apply to the DVA as an administrator of veterans' benefits. *See Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) (explaining that when Congress creates an agency as a "sue and be sued" entity, Congress thereby waives sovereign immunity from the normal incidents of suit, such as interest on a damages award). The DVA is a "sue and be sued" agency falling within the scope of the commercial enterprise exception only in its capacity as a lender or guarantor of housing and small business loans. 38 U.S.C. § 3720(a)(1) (1991).

Second, takings cases stand on a very different foundation, as an award of interest in those cases is based on an interpretation of constitutional text ("just compensation") to which the requirement of an express waiver of sovereign immunity by Congress is not applicable. *Shaw,* 478 U.S. at 317, 106 S.Ct. 2957. Smith does not argue that the deprivation of interest on his CUE award constitutes a taking.

Third, asset forfeiture cases are also quite different. Although most circuit courts have refused to recognize asset forfeiture as an exception to the no-interest rule, some have done so under a disgorgement theory.[2] Even if we were to agree that such an exception exists, Smith's claim is quite different from an asset forfeiture case. A veteran who prevails on a CUE claim has no entitlement to missed benefits until his CUE claim has been adjudicated in his favor; the government has therefore not wrongly seized his benefits, and his CUE award is not a disgorgement of that award by the government. In summary, Smith's case is not analogous to the recognized exceptions to the no-interest rule, and we are powerless to grant a benefit not provided for by law.

## CONCLUSION

The Court of Appeals for Veterans Claims did not err in holding that Smith is

---

**2.** Four circuit courts have refused to award interest on wrongly seized money. *Larson v. United States,* 274 F.3d 643, 647–48 (1st Cir. 2001); *Ikelionwu v. United States,* 150 F.3d 233, 238–39 (2d Cir.1998); *United States v. $7,990 U.S. Currency,* 170 F.3d 843, 845 (8th Cir.1999); *United States v. $30,006.25 U.S. Currency,* 236 F.3d 610, 613 (10th Cir.2000), *cert. denied* —— U.S. ——, 122 S.Ct. 130, 151 L.Ed.2d 84 (2001). However, the Sixth and

Ninth Circuits have awarded interest as a disgorgement of the wrongly seized res. *United States v. $277,000 U.S. Currency,* 69 F.3d 1491 (9th Cir.1995); *United States v. $515,060 U.S. Currency,* 152 F.3d 491 (6th Cir.1998). The circuit split is of diminishing significance, as Congress has recently amended the forfeiture statute to allow prospectively the recovery of interest. 28 U.S.C. § 2465(b)(1)(C) (2001).

not entitled to interest on his CUE award. Accordingly, we

*AFFIRM.*