KRAMER, Chief Judge,
concurring:
For the reasons that follow, I concur in the affirmance of the April 28, 1999, Board of Veterans’ Appeals (Board or BVA) decision.
Primarily, the appellant argues to this Court that the “same effect” language of 38 U.S.C. § 5109A(b) requires VA to pay to him $3,104.00, based on the 1996 disability compensation rate under 38 U.S.C. § 1114(n), for every month from February 1969 (month of the effective date for an award made based on a finding that an April 1969 rating decision contained clear and unmistakable error (CUE)) to May 1996 (month of rating decision correcting CUE). See Appellant’s Brief (Br.) at 9-10. However, section 5109A(b) provides that a rating or other adjudicative decision issued for the purpose of reversing or revising a prior decision on the grounds of CUE “has the same effect as if the decision had been made on the date of the prior decision.” 38 U.S.C. § 5109A(b); see 38 C.F.R. § 3.105(a) (2001). In essence, the appellant’s argument reads out of the statute the words “as if the decision had been made on the date of the prior decision,” and ignores the most basic principle of statutory construction — that statutes must be read as a whole. See Splane v. West, 216 F.3d 1058, 1068-69 (Fed.Cir.2000) (“[Cjanons of construction ... require us to give effect to the clear language of a statute and avoid rendering any portions meaningless or superfluous.”); Smith v. Brown, 35 F.3d 1516, 1523 (Fed.Cir.1994) (“ ‘In expounding [on] a statute, we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law ....’” (citations omitted)). In this regard, I believe that, when harmonized with the whole of section 5109A(b), the plain meaning of the phrase “as if the decision had been made on the date of the prior decision” is clear in that the effect of a revised decision is to make the claimant whole as of the date of the decision that contained CUE, not as of the date of the decision that found CUE. Therefore, as applied to the appellant, section 5109A(b) entitles him to receive a retroactive award of benefits based on the monthly amount prescribed by statute in 1969 ($411.69) and in the months after February 1969 through July 1996; he is not entitled to receive an award based on the 1996 monthly amount ($3,104.00) for each of the months in between 1969 and 1996 because that amount was not provided for by statute during all of those months. Contrary to the appellant’s argument, see Appellant’s Br. at 5, 9-10, nowhere does section 5109A(b) provide that the corrected decision shall have the effect that the prior decision containing CUE had never been made; rather, the statute provides, in effect, that the *487 erroneous decision, when made, was decided correctly.
Moreover, the appellant’s argument that his case is distinguishable from Smith (Claudus) v. Gober, 14 Vet.App. 227 (2000) (holding that 38 U.S.C. § 503 is not express waiver of sovereign immunity that would permit interest payment on award of past-due benefits), aff'd sub nom. Smith v. Principi, 281 F.3d 1384 (Fed.Cir.2002), is unavailing. In fact, the appellant, in June 2000, filed with the Court a motion to consolidate his case with Smith (Claudus). See Appellant’s June 5, 2000, Motion to Consolidate. Indeed, the appellant, by requesting that he be awarded an overall cost of living adjustment (COLA) to adjust his award to the present value, is seeking compensation for the loss of use or delayed receipt of the money that composes his benefits award. See Library of Cong. v. Shaw, 478 U.S. 310, 321, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) (“[T]he force of the no-interest rule cannot be avoided simply by devising a new name for an old institution....”). Given that section 5109A(b) does not explicitly award interest, COLA, or any other amount to compensate for loss of use or delayed receipt, it cannot be said that Congress intended to grant any such benefit under that provision. See Library of Cong., 478 U.S. at 318, 106 S.Ct. 2957 (“When Congress has intended to waive the United States’ immunity with respect to interest, it has done so expressly... .”); Smith v. Principi, 281 F.3d at 1387-88 (neither section 503 nor section 5109A(b) constitutes express waiver of no-interest rule). Furthermore, because a COLA increase is not available as a matter of law, the appellant’s argument that he is entitled to a remand because the Board purportedly did not address whether section 5109A(b) permits such an overall COLA payment must fail. See 38 U.S.C. § 7261(b) (providing that “the Court shall take due account of the rule of prejudicial error”); Sabonis v. Brown, 6 Vet.App. 426, 430 (1994); Soyini v. Derwinski, 1 Vet.App. 540, 546 (1991).
Alternatively, the appellant argues that the Court should vacate the April 1999 decision and remand his case for the Board to determine in the first instance whether the Secretary will exercise his discretion under 38 U.S.C. § 503 to grant an overall COLA. See Appellant’s Br. at 13-15. I note that, because the authority to grant equitable relief under section 503 is solely within the Secretary’s discretion, neither the Board nor this Court can provide such relief, and thus that authority is not an appropriate ground on which the Court may remand this matter to the Board. See Erspamer v. Brown, 9 Vet.App. 507, 512 (1996).