NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD E. BITZER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7008

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2698, Judge Robert N. Davis.

---

**ON MOTION**

---

Before NEWMAN, SCHALL, AND DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and summarily affirm the decision of the United States Court of Appeals for Veterans Claims denying veteran Donald E. Bitzer enti-

tlement to payment of interest on retroactive disability compensation. Bitzer opposes. The Secretary replies.

While on active duty in May of 1978, Bitzer was injured in a motorcycle accident. Bitzer's spine was fractured resulting in incomplete bilateral paralysis. In August 1979, a Department of Veterans Affairs regional office (RO) awarded Bitzer entitlement to service connection for "fracture, dislocation, T12-L1, with incomplete paraplegia."

In March 2006, Bitzer sought a revision of the August 1979 decision. He asserted that the RO's determination contained clear and unmistakable error (CUE) in not granting him service connection and special monthly compensation (SMC) for loss of use of both extremities and for failing to grant higher level of SMC for loss of use of both extremities and loss of bowel and bladder control. The RO agreed. Bitzer thus became entitled to receive approximately $700,000, the nominal amount that he would have received had there never been any error.

Bitzer, however, argued that he was additionally entitled to interest on that amount. The Board of Veterans' Appeals disagreed. The Board cited the well-established "no-interest rule," which provides that unless the government expressly waives its sovereign immunity no payment of interest on government entitlements is owed. *See Angarica v. Bayard*, 127 U.S. 251, 260 (1888) ("The case, therefore falls within the well-settled principle, that the United States are not liable to pay interest on claims against them, in the absence of express statutory provision to that effect.").

The Board explained that a similar argument was rejected by this court in *Smith v. Principi*, 281 F.3d 1384 (Fed. Cir. 2002). *Smith* also involved a denial of entitlement to interest on additional compensation resulting from CUE. There, we held that none of the relevant

statutory provisions cited to the court expressly waived the government's sovereign immunity from payment of interest. Thus, no payment could be made despite the equities and public policy arguments to the contrary.

In his appeal to the Court of Appeals for Veterans Claims, Bitzer contended that the no-interest rule is either inapplicable to the veterans benefits system or at least his specific circumstances. Explaining that it was bound by *Smith* and our subsequent decision in *Sandstrom v. Principi*, 358 F.3d 1376 (Fed. Cir. 2004), the court sustained the Board's decision. The government now urges us to summarily affirm this appeal on the grounds that the Board's denial of entitlement to interest is controlled by *Smith* and *Sandstrom*. Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Bitzer contends that his arguments in support of a waiver of the no-interest rule have not been addressed by this court. Specifically, he contends that (1) our holdings in *Smith* and *Sandstrom* are fundamentally inconsistent with the veterans' benefits adjudicatory system; (2) that the "commercial activity" exception to the "no interest rule" applies to his claim; (3) that an exception to the "no interest rule" should be made to his case based on the size of the claim; and (4) that not paying interest amounted to an unconstitutional taking of his property.

Although we have carefully considered Bitzer's position, we are persuaded that our prior cases have already squarely rejected his arguments. *Smith* expressly rejected application of the commercial enterprise exception to the Department as an administrator of veterans' benefits. 281 F.3d at 1388. Moreover, *Smith* and *Sandstrom* unequivocally rejected the argument that no matter how

compelling the equities or public policy argument in favor of awarding interest, the Department is without authority to do so in the absence of express statutory language. Finally, Bitzer's unconstitutional takings claim must also be rejected in light of our prior cases because he does not point to any statutes authorizing payment of interest. Thus, he has not asserted a cognizable property interest for purposes of a Fifth Amendment takings claim.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to summarily affirm is granted.

(2) Each side shall bear its own costs.

FOR THE COURT

**JUL   8 2011**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**JUL 0 8 2011**

**JAN HORBALY**
**CLERK**

cc:  David M. vonHartitzsch, Esq.
     Alex P. Hontos, Esq.

s19