Citation Nr: 1138409 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 10-47 557 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Manila, the Republic of the Philippines


THE ISSUE

Legal entitlement to a one-time payment from the Filipino Veterans Equity Compensation Fund.


ATTORNEY FOR THE BOARD

L. Cramp, Counsel


INTRODUCTION

Appellant had active service in the Philippine Army from November 1, 1944 to May 15, 1945. 

This appeal comes before the Board of Veterans' Appeals (Board) from a January 2010 rating decision of the RO in Manila, the Republic of the Philippines.

The appellant did not report for a Board hearing that was scheduled to be conducted at the RO via videoconference in August 2011. To the Board's knowledge, the appellant has offered no explanation as to why he was unable to appear and he has not since requested another hearing. Accordingly, the Board will proceed to a decision on this appeal as if the hearing request had been withdrawn. See 38 C.F.R. § 20.704(d) (2011). 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. There is no dispute as to the facts pertinent to resolution of this appeal.

2. The appellant had no recognized service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces, to qualify for a one-time payment from the Filipino Veterans Equity Compensation Fund.


CONCLUSION OF LAW

The claim for a one-time payment from the Filipino Veterans Equity Compensation Fund lacks legal merit. 38 U.S.C.A. § 501(a) (West 2002 & West Supp. 2010); American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009); 38 C.F.R. § 3.203 (2011).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2011).

In some cases, however, the VCAA need not be considered because the issue presented is solely one of statutory interpretation and/or the claim is barred as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 231-232 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002). See also 38 C.F.R. § 3.159(b)(3)(ii) (VCAA notice not required when, as a matter of law, entitlement to the benefit claimed cannot be established); 38 C.F.R. § 3.159(d)(3) (VA will refrain from or discontinue assistance with regard to a claim requesting a benefit to which the claimant is not entitled as a matter of law). 

As discussed below, there is no dispute as to the pertinent facts. The RO has certified that all documentation submitted by the appellant has been forwarded to the National Personnel Records Center (NPRC). See Capellan v. Peake, 539 F.3d 1373, 1381-82 (Fed. Cir. 2008) (pursuant to both 38 C.F.R. § 3.203(c) and VA Secretary's statutory duty to assist (as set forth in 38 U.S.C.A. § 5103A), new evidence submitted by a claimant in support of a request for verification of service from the service department must be submitted to the service department for review). The appellant has not made the RO or Board aware of any additional evidence that needs to be obtained in order to fairly decide this appeal. There is no further assistance that would reasonably be expected to aid in deciding the claim. Resolution of the claim is wholly dependent on interpretation of the applicable laws and regulations pertaining to basic eligibility for the Filipino Veterans Equity Compensation Fund. 


FVEC Analysis

Under the American Recovery and Reinvestment Act, a one-time benefit is provided for certain Philippine veterans to be paid from the "Filipino Veterans Equity Compensation Fund." American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009). Payments for eligible persons will be either in the amount of $9,000 for non-United States citizens, or $15,000 for United States citizens. For eligible persons who accept a payment from the Filipino Veterans Equity Compensation Fund, such payment "shall constitute a complete release of any claim against the United States by reason of [such] service." Nothing in the act "prohibit[s] a person from receiving any benefit (including health care, survivor, or burial benefits) which the person would have been eligible to receive based on laws in effect as of the day before the date of the enactment of this Act."

Section 1002 addresses Payments to Eligible Persons Who Served in the United States Armed Forces in the Far East during World War II. Section 1002(d) provides that an eligible person is any person who--(1) served--(A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (B) in the (New) Philippine Scout under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538), Public Law 190, 79th Congress; and (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable.

In this case, the appellant submitted a certification of the Armed Forces of the Philippines dated January 2000 that the appellant served as a guerilla in 6th MD Grla and an affidavit of Philippine Army personnel showing the appellant's service in the 6th MD as a civilian. The RO submitted the appellant's information to the NPRC for verification. The response from NPRC in September 2009, and again in September 2010, was that the subject has no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. 

The appellant has made several assertions regarding his claim. Primarily, he has pointed to what he refers to as having been "processed" by the U.S. Army (March 2010 notice of disagreement) as demonstrating the requisite service; however, this is not among the requirements for entitlement to a one-time payment from the Filipino Veterans Equity Compensation Fund. The Board reiterates that the documents submitted by the appellant were forwarded to NPRC. The Board also notes that the fact of the appellant's wartime service is not in doubt; however, the NPRC has certified that the appellant did not have the requisite service. This verification is binding on VA such that VA has no authority to change or amend the finding. Duro v. Derwinski, 2 Vet App. 530, 532 (1992). 


ORDER

Basic eligibility for a one-time payment from the Filipino Veterans Equity Compensation Fund is denied. 



____________________________________________
J. Parker
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs