Citation Nr: 1706066 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 14-06 853A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial rating in excess of 70 percent for bipolar affective disorder. 

2. Entitlement to a total disability rating based upon individual unemployability (TDIU) based upon service-connected disabilities. 

3. Entitlement to a temporary total disability rating for service-connected disability requiring hospital treatment or observation. 

4. Entitlement to a temporary total disability rating for service-connected disability requiring convalescence. 


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

D. Chad Johnson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1983 to December 1988. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issues of entitlement to an initial rating in excess of 70 percent for bipolar affective disorder and entitlement to a TDIU rating are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ). 


FINDINGS OF FACT

1. The Veteran was hospitalized for a period of 12 days in November 2011 following an attempted suicide via intentional overdose on prescription medication. 

2. The Veteran was admitted to a VA domiciliary in January 2012 for a period of 3+ months for a substance abuse residential rehabilitation treatment program to treat his ongoing nonservice-connected cocaine and cannabis abuse. 

3. The Veteran's service-connected psychiatric disability has not required surgery resulting in at least one month of convalescence or severe postoperative residuals, or immobilization of one or more major joint by cast without surgery for any period on appeal. 



CONCLUSIONS OF LAW

1. The criteria for a temporary total disability rating for service-connected disability requiring hospital treatment or observation have not been met for any period on appeal. 38 U.S.C.A. § 1155, 5017 (West 2014); 38 C.F.R. § 4.29 (2016). 

2. The criteria for a temporary total disability rating for service-connected disability requiring convalescence have not been met for any period on appeal. 
38 U.S.C.A. § 1155, 5017 (West 2014); 38 C.F.R. § 4.30 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

A total disability rating (100 percent) will be assigned without regard to other provisions of the rating schedule when it is established that a service-connected disability has required hospital treatment in a VA or an approved hospital for a period in excess of 21 days or hospital observation at VA expense for a service-connected disability for a period in excess of 21 days. 38 C.F.R. § 4.29. 

Subject to the provisions of paragraphs (d), (e), and (f) of § 4.29, this increased rating will be effective the first day of continuous hospitalization and will be terminated effective the last day of the month of hospital discharge (regular discharge or release to non-bed care) or effective the last day of the month of termination of treatment or observation for the service-connected disability. 38 C.F.R. § 4.29(a). 

Notwithstanding that the hospital admission was for disability not connected with service, if during such hospitalization, hospital treatment for a service-connected disability is instituted and continued for a period in excess of 21 days, the increase to a total rating will be granted from the first day of such treatment. 38 C.F.R. § 4.29(b). If service connection for the disability under treatment is granted after hospital admission, the rating will be from the first day of hospitalization if otherwise in order.

A total disability rating (100 percent) may also be assigned when it is established by report or hospital discharge or outpatient release that entitlement is warranted, if treatment of a service-connected disability resulted in: (1) surgery necessitating at least one month of convalescence; (2) surgery with severe postoperative residuals, such as incompletely healed surgical wounds, stumps of recent amputations, therapeutic immobilization of one or more major joints, a body cast, the necessity of home confinement, or the necessity of crutches or a wheel chair; or (3) there is immobilization by cast, though no surgery, of one or more major joints. 38 C.F.R. § 4.30. 

VA treatment records document that the Veteran was admitted to a VA hospital in mid-November 2011 following an attempted suicide via intentional overdose on prescription medication including Lithium, Abilify, and Wellbutrin. Thereafter, he responded well to medical and psychiatric intervention, leading to a decrease in symptomatology. He was subsequently discharged as stable 12 days later. 

Subsequent VA treatment records document that the Veteran was admitted to a VA domiciliary in early January 2012 for a substance abuse residential rehabilitation treatment program to treat his reported ongoing cocaine and cannabis abuse. At the time of admission, his relevant diagnoses were documented as cannabis dependence, cocaine abuse, and bipolar disorder in remission. His substance abuse treatment program lasted until early April 2012, at which time he was found to be stable for discharge. He was counseled to continue and maintain his abstinence from drugs and alcohol, to attend AA/NA meetings, and to attend an outpatient substance abuse program. 

Following a review of the relevant evidence of record, including as discussed above, the preponderance of evidence weighs against the Veteran's claims of entitlement to a temporary total disability rating for service-connected disability requiring hospital treatment, observation, or convalescence. 

Initially, the evidence of record does not document that the Veteran's service-connected bipolar affective disorder (his sole service-connected disability) has required surgery resulting in at least one month of convalescence or severe postoperative residuals, or immobilization of one or more major joint by cast without surgery for any period on appeal. As such, to the extent that he has claimed entitlement to a temporary total disability rating for service-connected disability requiring convalescence, the claim is not warranted as a matter of law. 

Regarding the Veteran's claim of entitlement to a total disability rating for service-connected disability requiring hospital treatment in excess of 21 days, his November 2011 hospital admission stemmed from a suicide attempt; however, his admission was not for a period in excess of 21 days; therefore, a temporary total disability rating is not warranted based upon that hospital admission as a matter of law. 

Next, while the Veteran's subsequent domiciliary admission in January 2012 was in excess of 21 days, lasting until April 2012, it is probative that his admission was to a substance abuse residential rehabilitation treatment program to treat his reported ongoing nonservice-connected cocaine and cannabis abuse. Moreover, at the time of admission and discharge, his bipolar disorder was noted to be in remission, and he was counseled to continue outpatient substance abuse treatment. 

Significantly, although the period of hospital treatment was in excess of 21 days, it was required as a result of his nonservice-connected cocaine and cannabis abuse rather than a result of his service-connected bipolar affective disorder, which was noted to be in remission. As such, a temporary total disability rating is not warranted based upon that hospital admission as a matter of law. 

To the extent that it could be argued that during such hospitalization, hospital treatment for the Veteran's service-connected bipolar affective disorder was instituted and continued for a period in excess of 21 days, it is probative that VA treatment records from the period document that the Veteran's treatment was for his nonservice-connected substance abuse; moreover, his service-connected bipolar affective disorder remained in remission both at admission and discharge from treatment. 

In sum, the Veteran's claims of entitlement to a temporary total disability rating for service-connected disability requiring hospital treatment, observation, or convalescence are precluded as a matter of law, and the appeals are denied. 

Finally, VA has duties to notify and assist claimants in substantiating a claim for VA benefits. See, e.g., 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. The Veteran was properly notified in March 2012 regarding the criteria for establishing a temporary total disability rating pursuant to 38 C.F.R. §§ 4.29 and 4.30 based on hospitalization in excess of 21 days and treatment requiring convalescence for a service-connected disability. 

Nonetheless, VA's duties to notify and to assist are inapplicable where there is no entitlement to the benefit sought as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 231-32 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002); see also 38 C.F.R. §§ 3.159(b)(3)(ii) (VCAA notice not required when, as a matter of law, entitlement to the benefit claimed cannot be established), 3.159(d)(3) (VA will refrain from or discontinue assistance with regard to a claim requesting a benefit to which the claimant is not entitled as a matter of law). 


ORDER

A temporary total disability rating for service-connected disability requiring hospital treatment or observation is denied. 

A temporary total disability rating for service-connected disability requiring convalescence is denied. 


REMAND

Although the Board regrets the additional delay, a remand is necessary regarding the Veteran's claim of entitlement to an initial rating in excess of 70 percent for bipolar affective disorder in order to afford him a current VA psychiatric examination. 

Review of the record reveals that the Veteran was last afforded a VA PTSD examination in December 2011. A more recent March 2016 private vocational employability assessment documents that his symptoms from his service-connected disability had continued to worsen and now included constant nervousness with occasional anxiety attacks; an inability to deal with stress, feelings of uselessness, poor sleep resulting in fatigue and irritability, poor appetite, inability to sustain attention, focus, or concentration, mood changes, little motivation to do anything, and severe depression. 

In light of the more than six years that have elapsed since the Veteran's most recent VA psychiatric examination, in addition to the March 2016 private vocational employability assessment which indicates that his psychiatric symptoms have worsened, a new VA psychiatric examination is warranted in order to determine the current severity of his service-connected disability. 

Additionally, the recent VA treatment records within the claims file appear to be from 2012. Therefore, the AOJ should also obtain any outstanding, relevant VA treatment records and associate them with the claims file.

Finally, the Veteran's claim of entitlement to a TDIU rating is inextricably intertwined with his increased rating claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (noting that two issues are inextricably intertwined when the adjudication of one issue could have significant impact on the other issue). As such, remand of the Veteran's TDIU claim is also warranted. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding relevant VA treatment records and associate them with the claims file. 

2. Schedule the Veteran for an examination to assess the current severity of his service-connected bipolar affective disorder. 

The entire claims file, including this remand, must be made available to the examiner, and the examiner must indicate review of such records. 

Any indicated diagnostic tests and studies must be accomplished and all pertinent symptomatology and findings should be reported in detail. 

Specifically the examination report should contain a detailed account of all manifestations of the Veteran's service-connected bipolar affective disorder, as well as any resulting functional impact upon his ability to secure or follow a substantially gainful occupation. A complete rationale for all opinions expressed should be provided. 

3. Thereafter, readjudicate the Veteran's initial rating claim on appeal, as well as his intertwined TDIU claim. If any benefit sought on appeal remains denied, provide the Veteran and his attorney with a supplemental statement of the case (SSOC) and allow a reasonable opportunity for response before returning the matters to the Board for further adjudication, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
L. HOWELL
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs