Citation Nr: 1725232 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 12-34 898 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to a disability rating in excess of 30 percent for Crohn's Disease.


REPRESENTATION

Appellant represented by: John P. Dorrity, Agent


ATTORNEY FOR THE BOARD

M. D'Allaird, Associate Counsel







INTRODUCTION

The Veteran served on active duty from July 1984 to October 1986. This matter is before the Board of Veterans' Appeals (Board) from a March 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey. The Veteran appeared at a hearing before the undersigned Veterans Law Judge in July 2016. 


FINDING OF FACT

The Veteran's Crohn's disease manifests with frequent exacerbations of symptoms including abdominal pain, bloating, flatulence, fistulae and diarrhea, but without malnutrition or decline in health during remissions.


CONCLUSION OF LAW

The criteria for an evaluation in excess of 30 percent for Crohn's disease have not been met. 38 U.S.C.A. § 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321, 4.1, 4.114, Diagnostic Code 7323 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. A notice letter was sent to the Veteran in August 2010, prior to the initial adjudication of the claim on appeal. The letter informed the Veteran of what information and evidence must be submitted to substantiate the claim, including a description of what information and evidence must be provided by the Veteran and what information and evidence would be obtained by VA. He was also advised to inform VA of any additional information or evidence that VA should have, and to submit evidence in support of the claim to the RO. The letter also addressed VA's practices in assigning disability evaluations and effective dates for those evaluations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The Board finds that the content of the letter complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). 

VA also has a duty to assist the Veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The Board finds that all necessary development has been accomplished. The RO has obtained the Veteran's treatment records and private treatment records identified by the Veteran. Neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

The Veteran was afforded a VA medical examination in August 2010. The Board remanded the Veteran's claim for a new VA medical examination in October 2016 because there may have been changes in his condition since 2010. The Veteran underwent another examination in January 2017. Both the 2010 and 2017 examiners, medical professionals, obtained an accurate history and listened to the Veteran's assertions. The Board finds that both examinations are adequate and contain sufficient information to decide the issue on appeal. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

Increased Rating

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degree of disability specified is considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. 

If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. However, the evaluation of the same disability under various diagnoses, known as pyramiding, is to be avoided. 38 C.F.R. § 4.14.

Crohn's disease is evaluated under Diagnostic Code (DC) 7323, for ulcerative colitis. This code provides a 30 percent rating for moderately severe symptoms, with frequent exacerbations. A 60 percent rating is warranted for severe symptoms, with numerous attacks per year and malnutrition, with only fair health during remissions. A 100 percent rating is warranted for pronounced symptoms, resulting in marked malnutrition, anemia, and general debility, or serious complications, such as liver abscesses. 38 C.F.R. § 4.114, DC 7323.

In a statement in support of the claim dated August 2010, the Veteran stated that his abdomen feels swollen and full, he feels an immediate and urgent need to use the bathroom almost immediately following eating, and he experiences several bowel movements a day. The Veteran also stated that his frequent doctor appointments have negatively impacted his work performance. 
The Veteran was afforded a VA examination in August 2010. The examiner noted that the Veteran had not suffered a Crohn's attack since 2004. The Veteran reported feeling swollen in the abdomen after eating and bloated. The examiner also recorded the Veteran gained 20 pounds over the "past several months." He also reported blood in his stool, the last time 2-3 weeks prior, and loose stools 4-5 times a day. 

VA treatment records from September 2010, state that his Crohn's has been well controlled on ASA and Azasan "without recent flare." The records state that his last colonoscopy was in 2008 and it was reportedly normal. Additionally, the Veteran denied any mucous and bleeding. He did report that he experienced occasional bloating and will have a bowel movement right after eating.

VA records dated November 2010 report the Veteran's Crohn's disease as asymptomatic. The Veteran took azathioprine and mesalamine to treat his Crohn's.

In VA treatment records from September 2011, the Veteran reported increased bloating and about 3-4 bowel movements per day. He also reported some fecal urgency for about 7-8 months and that over the previous six months he was having two bowel movements per day. 

VA treatment records from April 2012 show the Veteran complained of a fistula in the right groin area with intermittent drainage. An April CT scan showed no evidence of a perianal fistula. 

In June 2012 the Veteran complained of bloating and belching after eating, bad gas, and early satiety. He also reported 6-7 bowel movements a day. 

A VA treatment note from September 2012 reports that the Veteran had laboratory work done following his appointment in June 2012 and the results were within normal levels. He was given a two week trial of Cipro and his azathioprine was increased to 100mg daily. He also completed a course of antibiotics, and he reported that there was improvement in his bloating and that his bowel movements returned to the baseline level. It was also noted that he was given two infusions of remicade during a flare up three years prior.

In December 2012, the Veteran had a colonoscopy. VA treatment records show that aside from a "few small diverticula," it was otherwise normal.

VA treatment records from May 2013 show the Veteran reported 4-5 bowel movements a day with no blood in the stool and stable weight. In October 2013 the Veteran reported increased gassiness, bloating and odorous stools.

In September 2014, the Veteran reported 4-5 loose stools per day.
In January 2015 he reported 2-4 bowel movements per day without any abdominal pain. He also reported seeing blood occasionally. 

An April 2015 CT scan indicated several enterocolonic and colocolonic fistulae, involving the distal ileum, ascending colon and proximal sigmoid colon. The Veteran also had no weight loss or loss of appetite.

In May 2015 VA treatment records, it was noted that he had a barium enema in March 2013 which showed the suggestion of a possible sigmoid to cecum fistula and colon to the small bowel. 

Another treatment note in May 2015 reported no weight loss or loss of appetite. It was also noted that a colonoscopy and CT scan were concerning for potential fistulae but a small bowel follow through demonstrated no definite evidence of fistulae.

A June 2015 VA treatment note stated that the Veteran was quite asymptomatic and was only on 5-ASA. In July 2015, the Veteran reported his symptoms were stable to slightly worse with new fecal urgency immediately following meals. He was having 2-3 bowel movements a day with up to five on a "bad day." The Veteran occasionally noticed blood on his toilet paper after wiping. He denied any recent weight loss. The VA treatment note described his symptoms as "relatively mild." 

In May 2016, the Veteran reported no abdominal pain and 2-3 bowel movements per day with no blood in the stools. It was noted that he was "on the whole...stable."

The Veteran testified during a July 2016 hearing that his weight will fluctuate up and down. He also testified that it "seems like the older I get, the more advanced the disease progresses." The Veteran further testified that his immediate urgencies for going to the bathroom cause him to leave meetings at inopportune times and his frequent doctor appointments cause him to miss work 5-6 days each month.

VA treatment notes dated July 2016 note a recent MRE which showed an enterocolic fistula and narrowing in his lower small bowel. The Veteran reported some cramping and lower abdominal pain after eating, 3-4 bowel movements a day and blood in his stools intermittently.

A private treatment record from August 2016 noted that if the Veteran's fistula did not improve, he may need "completion colectomy/ileostomy."

In October 2016, the Veteran reported some cramping and lower abdominal pain after eating, and 2-3 bowel movements per day with intermittent blood in his stools.

His most recent VA treatment records from January 2017 show the Veteran reporting no nausea or vomiting, his cramping after eating improved, 2-3 bowel movements per day and some blood in the stools.

In addition, the Veteran was afforded another VA examination in January 2017. The examiner recorded mesalamine and azathioprine as medications; with symptoms of diarrhea and abdominal distension. The Veteran reported frequent episodes of bowel disturbance with abdominal distress, and seven or more exacerbations or attacks within the past 12 months. The examiner also noted that the Veteran had a scar 18 centimeters long, but it was not noted to be painful or unstable.

The Board acknowledges the Veteran's frequent exacerbations of his Crohn's disease and fistula. However, the evidence does not reflect that the Veteran has experienced malnutrition or is only in fair health during remissions.

Also, the Veteran testified to fluctuation in weight. The Board has reviewed the Veteran's treatment records, and finds that the Veteran's weight has fluctuated from approximately 221 pounds in January 2010 to 249 pounds in January 2017. The Veteran has reported some weight loss on specific occasions associated with a flare-up of his Crohn's disease. However, treatment records do not overall indicate problems with nutrition or suggest that the Veteran experiences malnutrition. On the contrary, the Veteran's treatment records consistently record no weight loss or loss of appetite. 

Further, the Board acknowledges the Veteran's complaint of frequent bowel movements and some flatulence and cramping even when not having a flare-up of his Crohn's disease. However, the Veteran's records do not indicate overall that the Veteran's health is only fair during remissions of the disease. Neither his statements nor treatment records suggest his Crohn's disease affects his overall health when not exacerbated. The January 2017 VA examiner noted that the Veteran reported diarrhea and abdominal distension. The examiner did not report weight loss, malnutrition, serious complications, or other general health effects due to his Crohn's disease.

The Board acknowledges the Veteran's frequent exacerbations of his Crohn's disease with moderately severe symptoms, including abdominal pain, bloating, and diarrhea. The Board further acknowledges the Veteran's enterocolic fistula diagnosed in 2016. However, the Board finds that those symptoms, including their frequency and severity, are contemplated by the 30 percent rating currently assigned. The Board does not find that the Veteran's condition more closely approximates the criteria for the next higher 60 percent rating. Further, he does not meet the criteria for a 100 percent rating as he does not have marked malnutrition, anemia, and general debility, or serious complications.

As to the statements of record authored by the Veteran, he is certainly competent to report symptoms, because such requires only personal knowledge as it comes to him through his senses. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). However, the most probative evidence of record does not show the Veteran met the objective criteria for a higher schedular rating.

The Board has also considered whether an increased disability rating or separate compensable disability rating is warranted under another potentially applicable diagnostic code. Under DC 7328, regarding resection of the small intestine, a 40 percent disability rating is warranted for definite interference with absorption and nutrition, manifested by impairment of health objectively supported by examination findings including definite weight loss. 38 C.F.R. § 4.114, DC 7328. A 60 percent disability rating is warranted for marked interference with absorption and nutrition, manifested by severe impairment of health objectively supported by examination findings including material weight loss. Id. 

Under DC 7329, regarding resection of the large intestine, a 40 percent disability rating is warranted for severe symptoms, objectively supported by examination findings. Id., DC 7329. 

As discussed above, the competent evidence of record documents that the Veteran has experienced frequent exacerbations of moderate symptomatology; however, the record does not reflect that he has experienced interference with absorption and nutrition or severe symptomatology. As such, an increased disability rating is not warranted under DCs 7328-29. 

The Veteran has also not displayed "copious amounts" of fecal discharge, as would be required for a rating in excess of 60 percent under DC 7330. Nor does he have impairment of sphincter control or a stricture of the rectum and anus requiring a colostomy. DCs 7332 and 7333.

Finally, the Board has considered whether the Veteran's residual surgical scar would entitle him to a separate compensable disability rating; however, the evidence discussed above documents that his residual scar is neither painful or unstable, or deep, nonlinear, and greater than 39 square centimeters in size; therefore, a compensable rating is not warranted under DCs 7801, 7804. See 38 C.F.R. § 4.118, DCs 7801, 7804.

Based on the forgoing, the Board finds a preponderance of the evidence weighs against the Veteran's claim of entitlement to an initial disability rating in excess of 30 percent for Crohn's disease for the entire period on appeal. There is no reasonable doubt to be resolved and the claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

Additionally, the Board is cognizant of the ruling of the United States Court of Appeals for Veterans Claims (Court) in Rice v. Shinseki, 22 Vet. App. 447 (2009). In Rice, the Court held that a claim for a total rating based on unemployability due to service-connected disability (TDIU), either expressly raised by the Veteran or reasonably raised by the record involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. In this case, the Veteran testified during the 2016 hearing that he has had to take time off from work due to appointments and has to use the bathroom frequently. Therefore, he has not specifically argued, and the record does not otherwise reflect, that his service-connected disability renders him unable to secure or follow a substantially gainful occupation. The Veteran has not asserted that he is unable to work because of his service-connected disability, nor does the record reflect that he cannot work because of his service-connected disability. Accordingly, the Board concludes that a claim for TDIU has not been raised. The Veteran certainly may raise this claim in the future, should he choose to do so.



ORDER

A rating in excess of 30 percent for Crohn's disease is denied.



____________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs