﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190814-19382
DATE: March 31, 2020

ORDER

Service connection for obstructive sleep apnea (OSA) is denied.

FINDING OF FACT

The Veteran’s currently diagnosed OSA was not incurred in service and is not otherwise related to service.

CONCLUSION OF LAW

The criteria to establish service connection for OSA are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1970 to December 1972. 

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 Appeals Modernization Act (AMA) rating decision that considered the evidence of record on that date. In its decision, the Agency of Original Jurisdiction (AOJ) denied the claim on appeal. The Veteran timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the AOJ. As this is a Direct Review appeal under the AMA, the record closed on the date of the June 2019 rating decision.

Service Connection for OSA—Laws and Analysis

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). Only chronic diseases listed under 38 C.F.R. § 3.309 (a) (2019) are entitled to the presumptive service connection provisions of 38 C.F.R. § 3.303 (b). Walker v. Shinseki, 708 F.3d 1331 Fed. Cir. 2013).

Establishing service connection generally requires (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In rendering a decision on appeal the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57(1990). 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

The Veteran generally contends that his sleep apnea is related service.

The evidence includes VA treatment records, which confirm a diagnosis of OSA. Thus, a current disability has been demonstrated.

Next, there is no evidence of any complaints of, or treatment for, sleep problems or OSA in the Veteran’s service treatment records. A September 1972 Report of Medical Examination, conducted at service separation, does not indicate any sleep problems or breathing problems. 

Further, the objective evidence of record indicates that the Veteran’s OSA did not manifest until many years after service. In a February 20019 VA mental health note, the Veteran reported having “some sleep disturbance” for the past 18 months. 

The absence of any clinical or lay evidence of sleep problems for many years after the Veteran’s separation from service in 1972 weighs against a finding that his current sleep disability was present in service or in the year or years immediately after service.

VA and private treatment records have been reviewed, but do not indicate that the Veteran’s OSA was incurred in service or that it was otherwise related to service. 

The Board acknowledges that the Veteran has not been afforded a VA examination regarding his claim. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). However, the Board finds that the Veteran has submitted no evidence, other than his own lay statements, showing an indication that his OSA is related to service. As discussed above, because the weight of the evidence demonstrates that the Veteran did not in fact sustain sleep apnea during service, or otherwise show in-service sleep apnea or sleep problems, or an in-service event involving sleep apnea, there is no duty to provide a VA medical examination. As noted above, service treatment records are devoid of any complaints, symptoms, or diagnosis indicative of sleep apnea or sleep-related problems. See also Bardwell v. Shinseki, 24 Vet. App. 36, 40 (2010) (holding that where the evidence has failed to establish an in-service injury, disease, or event, VA is not obligated to provide a medical examination).

Significantly, the Veteran and his representative have not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. Hence, no further assistance to the Veteran is required to fulfill VA’s duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff’d 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015).

The Board has also considered the Veteran’s general statements regarding his belief that his OSA is related to service. However, as a lay person, the Veteran does not have the requisite medical knowledge, training, or experience to be able to render a competent medical opinion regarding the cause of the medically complex disorder of OSA. See Kahana v. Shinseki, 24 Vet. App. 428, 437 (2011) (recognizing ACL injury is a medically complex disorder that required a medical opinion to diagnose and to relate to service). Sleep apnea is a medically complex disorder because of its multiple possible etiologies, requires specialized testing to diagnose, and may manifest symptomatology that may overlap with other disorders. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (holding that rheumatic fever is not a condition capable of lay diagnosis).

For these reasons, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s OSA was incurred in service or that it is otherwise related to service. The Board has considered the doctrine of reasonable doubt, but has determined that it is not applicable to this claim because the preponderance of the evidence is against the claim. The appeal is denied.

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Casadei, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.